# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

December 15, 2021

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 21-30734   State of Louisiana v. Becerra
                     USDC No. 3:21-CV-3970

Enclosed is an order entered in this case.

                Sincerely,

                LYLE W. CAYCE, Clerk

                By: _____
                Allison G. Lopez, Deputy Clerk
                504-310-7702

Mr. Drew C. Ensign
Mr. Jimmy Roy Faircloth Jr.
Mr. Thomas Molnar Fisher
Mr. Thomas T. Hydrick
Ms. Alisa Beth Klein
Mr. Matthew F. Kuhn
Mr. Joel McElvain
Mr. Tony R. Moore
Ms. Elizabeth Baker Murrill
Ms. Laura Myron
Ms. Mary Katherine Price
Mr. Joseph Scott St. John

# United States Court of Appeals
# for the Fifth Circuit

_____

No. 21-30734
_____

State of Louisiana; State of Montana; State of Arizona; State of Alabama; State of Georgia; State of Idaho; State of Indiana; State of Mississippi; State of Oklahoma; State of South Carolina; State of Utah; State of West Virginia; Commonwealth of Kentucky; State of Ohio,

*Plaintiffs—Appellees*,

versus

Xavier Becerra, Secretary, U.S. Department of Health and Human Services; United States Department of Health and Human Services; Chiquita Brooks-LaSure; Centers for Medicare and Medicaid Services,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CV-3970
_____

Before Southwick, Graves, and Costa, *Circuit Judges*.
Per Curiam:

The Secretary of the Department of Health and Human Services and other federal government defendants move to stay a district court's

nationwide, preliminary injunction that bars enforcement of one of the federal COVID-19 vaccination mandates. The enjoined mandate applies to the staff of many Medicare- and Medicaid-certified providers such as hospitals, long-term care facilities, home-health agencies, and hospices.

We DENY the motion insofar as the order applies to the 14 Plaintiff States. We GRANT a stay as to the order's application to any other jurisdiction. Briefly, we will explain.

When analyzing a request to stay a district court's preliminary injunction, we are to consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). Likelihood of success and irreparable injury to the movant are the most significant factors. *Id.*

The district court cited a number of reasons for enjoining the rule. Especially in light of a recent, precedential opinion from this court, *see BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604 (5th Cir. 2021), it appears that the Secretary will have the most difficulty overcoming the part of the ruling that applied the "major questions doctrine." We thus focus on that issue in assessing whether the Secretary has made a strong showing of likely success.

The district court held that the Secretary's decision to enter the vaccine regulatory space for the first time implicates what some courts and commentators have called the "major questions doctrine," though apparently not (yet) so designated in a majority opinion for the Supreme

Court.[1] It appears to us not so much a new doctrine but a new label for courts' method of analyzing federal agencies' novel assertions of authority. For example, the Supreme Court did not give deference to the Food and Drug Administration's 1996 decision that it had implicit authority under its governing statutes to regulate tobacco. *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 159–60 (2000).

Our court relied in part on this doctrine in recently staying the COVID-19 vaccination mandate the Occupational Safety and Health Administration ("OSHA") issued for employers of a certain size. *BST Holdings*, 17 F.4th at 617; *see also Alabama Ass'n of Realtors v. Department of HHS*, 141 S. Ct. 2485, 2489 (2021) (staying CDC's eviction moratorium based in part on the need for Congress "to speak clearly when authorizing an agency to exercise powers of 'vast economic and political significance'" (quoting *Brown & Williamson*, 592 U.S. at 160)). The Secretary identifies meaningful distinctions between its rule for Medicare and Medicaid-funded facilities and the broader OSHA rule — the statutory authority for the rule is different; Medicare and Medicaid were enacted under the Spending Clause rather than the Commerce Clause; and the targeted health care facilities, especially nursing homes, are where COVID-19 has posed the greatest risk. It is a close call whether these distinctions (or others) of *BST Holdings* will ultimately convince the panel hearing this appeal. Nonetheless, the first stay factor requires more than showing a close call. We cannot say that the Secretary has made a strong showing of likely success on the merits.

---

[1] Able researchers for this panel have discovered that this doctrinal label has been used only twice at the Supreme Court in merits opinions on a case — once in a concurrence and the other in a dissent. *Department of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1925 (2020) (Thomas, J., concurring); *Gundy v. United States*, 139 S. Ct. 2116, 2141–42 (2019) (Gorsuch, J., dissenting).

The other three factors for a stay — injury to the movant, injury to the opponent, and the public interest — are important but, regardless of the outcome of analyzing them, they will not overcome our holding that the merits of the injunction will not likely be disturbed on appeal. That is especially so because preserving the status quo "is an important" equitable consideration in the stay decision. *Dayton Bd. of Educ. v. Brinkman*, 439 U.S. 1358, 1359 (1978)). Here, the Secretary's vaccine rule has not gone into effect.

Though we deny the stay generally, we also consider whether the preliminary injunction should remain in effect beyond the 14 states that have brought this suit. Principles of judicial restraint control here. Other courts are considering these same issues, with several courts already and inconsistently ruling. *Compare Florida v. Department of HHS*, — F.4th —, 2021 WL 5768796 (11th Cir. Dec. 6, 2021) (declining to enjoin rule after district court refused to do so), *with Missouri v. Biden*, — F. Supp. 3d —, 2021 WL 5564501 (E.D. Mo. Nov. 29, 2021) (enjoining rule in the ten plaintiff states). In addition, the many states that have not brought suit may well have accepted and even endorsed the vaccination rule.

The question posed is whether one district court should make a binding judgment for the entire country. At times, we have answered the question affirmatively. For example, we allowed nationwide injunctions in an immigration case. *See Texas v. United States*, 809 F.3d 134, 188 (5th Cir. 2015). That decision, though, does not hold that nationwide injunctions are required or even the norm. As is true for all injunctive relief, the scope of the injunction must be justified based on the "circumstances." *Id.* That justification existed in *Texas* because of the constitutional command for "uniform" immigration laws and a concern that "a geographically-limited injunction would be ineffective because DAPA beneficiaries would be free to move among states." *Id.* at 187–88.

Case: 21-30734 Document: 00516139913 Page: 5 Date Filed: 12/15/2021
Case 3:21-cv-01329-TAD-KDM Document 59-1 Filed 12/16/21 Page 6 of 7 PageID #: 733

No. 21-30734

The district court here gave little justification for issuing an injunction outside the 14 States that brought this suit. It stated that "due to the nationwide scope of the CMS Mandate, a nationwide injunction is necessary due to the need for uniformity" and noted that "there are unvaccinated workers in other states who also need protection." Lacking is either the constitutional uniformity principle in *Texas* or that case's concern that patchwork rulings would undermine an injunction limited to certain jurisdictions.

Justice Gorsuch recently critiqued the frequency of the imposition of nationwide injunctions. Such injunctions at times can constitute "rushed, high-stake, low-information decisions," while more limited equitable relief can be beneficial:

> The traditional system of lower courts issuing interlocutory relief limited to the parties at hand may require litigants and courts to tolerate interim uncertainty about a rule's final fate and proceed more slowly until this Court speaks in a case of its own. But that system encourages multiple judges and multiple circuits to weigh in only after careful deliberation, a process that permits the airing of competing views that aids this Court's own decisionmaking process.

*Department of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring in the grant of a stay).

This vaccine rule is an issue of great significance currently being litigated throughout the country. Its ultimate resolution will benefit from "the airing of competing views" in our sister circuits. *See id.* Though here too, as with the other issues before us, we are not in a position to make definitive pronouncements about the outcome of this appeal, we do predict that the Secretary is likely to prevail in limiting the scope of the injunction.

Case: 21-30734    Document: 00516139913    Page: 5    Date Filed: 12/15/2021
Case 1:21-cv-00734-TAD-KDM    Document 31-9    Filed 12/15/21    Page 6 of 7 PageID #: 734

No. 21-30734

IT IS THEREFORE ORDERED that the opposed motion for stay of the district court's preliminary injunction order pending appeal is DENIED insofar as the order applies to the 14 Plaintiff States. A stay is GRANTED as to the order's application to any other jurisdiction.