IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services *et al.*, <br><br> Defendants. | Case No. 3:21-cv-03970 |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY FURTHER PROCEEDINGS

Defendants move to stay further proceedings in this Court while the issues in this case are considered by the Supreme Court and the Fifth Circuit. A stay of further proceedings will promote efficiencies both for the Court and the parties as follows:

1. On November 15, 2021, Plaintiffs filed a motion for a preliminary injunction challenging an interim final rule with comment period issued by the Centers for Medicare and Medicaid Services ("CMS"), 86 Fed. Reg. 61,555 (Nov. 5, 2021), which directs certain health care facilities that receive Medicaid or Medicare funding to have policies in place to ensure that their staff either be vaccinated against COVID-19 or request and obtain a religious or medical exemption from vaccination. ECF No. 2. Defendants opposed the motion. ECF No. 21. On November 30, 2021, the Court granted Plaintiffs' motion and entered a nationwide preliminary injunction. ECF No. 29.

2. The government filed a motion to stay the Court's injunction pending appeal in this Court and in the Fifth Circuit. While this Court denied the government's motion, *see* ECF No. 35, the Fifth Circuit narrowed the geographic scope of the Court's nationwide preliminary injunction by granting in part and denying in part the government's motion to stay the injunction pending appeal. *See Louisiana v. Becerra*, -- F.4th --, 2021 WL 5913302 (5th Cir. Dec. 15, 2021). The next day, the

government submitted an application to the Supreme Court seeking a stay of the narrowed injunction. *See Becerra v. Louisiana*, No. 21-A-241 (U.S. application filed on Dec. 16, 2021). At the same time, the government submitted an application to the Supreme Court seeking a stay of a separate preliminary injunction that had been entered in a substantially similar case brought by ten states in the United States District Court for the Eastern District of Missouri, *see Missouri v. Biden*, -- F. Supp. 3d --, 2021 WL 5564501 (E.D. Mo. Nov. 29, 2021), after the government's motions to stay the preliminary injunction pending appeal were denied by the district court and the Eighth Circuit. *See Biden v. Missouri*, No. 21A240 (U.S. application filed Dec. 16, 2021). The Supreme Court consolidated the government's stay applications, and scheduled oral argument on the consolidated matter for January 7, 2022. *See Biden v. Missouri*, -- S. Ct. --, 2021 WL 6061692 (Dec. 22, 2021).

3. In yet another substantially similar challenge to the rule filed by the State of Florida in the U.S. District Court for the Northern District of Florida, the district court denied the State's motion for preliminary injunction, *Florida v. Dep't of Health & Human Services*, No. 3:21CV2722-MCR-HTC, 2021 WL 5416122, at *1 (N.D. Fla. Nov. 20, 2021), and the Eleventh Circuit denied the State's motion for preliminary injunction pending appeal. *Florida v. Dep't of Health & Human Services*, 19 F.4th 1271 (11th Cir. 2021).

4. These three preliminary injunction rulings (*Louisiana*, *Missouri*, and *Florida*) are currently on appeal. *See Louisiana v. Becerra*, No. 21-30734 (5th Cir.); *Missouri v. Biden*, No. 21-3725 (8th Cir.), and *Florida v. Dep't of Health & Human Services*, No. 21-14098 (11th Cir.).

5. The parties in the *Florida* matter filed in the district court a joint motion to stay all proceedings pending appeal on the grounds that staying district court proceedings pending Florida's appeal would preserve the resources of the parties and that court. *Florida,* No. 3:21CV2722-MCR-HTC (N.D. Fla.), ECF No. 21. The court granted the motion on December 13, 2021. *Id.*, ECF No. 24. Likewise, the government, with the consent of the plaintiff States in *Missouri*, filed in the district court a motion to stay all proceedings pending appeal. *See Missouri*, No. 4:21-cv-013290-MTS (E.D. Mo.), ECF No. 39. The court granted the motion on December 22, 2021. *Id.*, ECF No. 40. It "agreed with the parties that the Eighth Circuit's decision on appeal, as well as the Supreme Court's decision

2

on the application for a stay, likely will guide further proceedings in this case." *Id.* at 2. It also concluded that "[s]taying the proceedings here pending the appeal will preserve the resources of the parties and this Court, and . . . the Court sees no potential prejudice or hardship to the parties that would warrant denying a stay of the proceedings." *Id.*

6. The *Missouri* court's reasoning behind its stay order in that case applies equally here: a stay of district court proceedings would preserve the resources of the parties and there is no potential prejudice or hardship to the parties that would warrant denying a stay of the proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Indeed, Defendants sought Plaintiffs' consent to this motion to stay, and undersigned counsel conferred with Plaintiffs' counsel about the scope of such a stay. Plaintiffs' counsel declined to consent to a stay prior to the filing of the Administrative Record (the "AR") in this case, noting that the government had filed its AR in a substantially similar matter brought by the State of Texas in the United States District Court for the Northern District of Texas. *See Texas v. Becerra*, No. 2:21-cv-00229 (N.D. Tex.), ECF No. 30 (filed pursuant to court order, *see id.*, ECF No. 13). Undersigned counsel asked if Plaintiffs would consent to the stay if Defendants were to file the AR in this case, but Plaintiffs' counsel again declined, stating that Plaintiffs would reevaluate the request after the AR is filed. Plaintiffs' counsel did not identify any prejudice or hardship that Plaintiffs would suffer due to a stay, and no such prejudice exists.[1]

Accordingly, for the reasons above and good cause shown, a stay of further proceedings is warranted until the Fifth Circuit resolves the appeal in this matter.

A proposed order is attached.

---

[1] The AR filed in the *Texas* case is a matter of public record and Plaintiffs have had ample time to review it. Defendants would not be opposed to filing the AR in this case—it would be identical to that which was filed in the *Texas* case as the same rule is at issue—prior to the Court's entry of a stay, but do not believe that should be considered a prerequisite to a stay given that the filing of the AR in this Court will not affect the Fifth Circuit's review of the pending appeal of this Court's preliminary injunction. The government has also moved for a stay in the *Texas* matter.

Dated: January 6, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE BENNET
Assistant Director, Federal Programs Branch

/s/ Joel McElvain
JOEL McELVAIN
Bar No. 448431(DC)
Senior Trial Counsel

JULIE STRAUS HARRIS
Bar No. 1021298(DC)
Senior Trial Counsel

JONATHAN D. KOSSAK
Bar No. 991478(DC)
Trial Attorney

MICHAEL L. DREZNER
Bar No. 83836(VA)
Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 616-8298
Fax: (202) 616-8470
Email: Joel.L.McElvain@usdoj.gov

*Attorneys for Defendants*