IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, JEFF LANDRY, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, et al., <br><br> DEFENDANTS. | Civil Action No. 3:21-cv-03970 <br><br> District Judge Terry A. Doughty <br><br> Magistrate Judge Kayla D. McClusky |

**PLAINTIFF STATES' OPPOSITION TO DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS**

### I.   INTRODUCTION

Defendants have moved (R. Doc. 40) to stay further proceedings in this Court pending interlocutory appeal to the Fifth Circuit of this Court's preliminary injunction. This Court set a deadline for Plaintiff States to respond today, January 14, 2022. Yesterday, the United States Supreme Court issued an opinion in this matter, granting Defendants' request for a stay of the preliminary injunction previously issued by this Court. In light of that ruling, the Plaintiff States submit that a 14-day pause of this matter would be appropriate to permit further evaluation of the ruling issued by the United States Supreme Court.

### II.   POSTURE OF THE PROCEEDING

1

On November 15, 2021, fourteen Plaintiff States[1] moved for a preliminary injunction to prevent Defendants from implementing and enforcing CMS' interim final rule, entitled Medicare and Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination, 86 Fed. Reg. 61555 (Nov. 5, 2021) (the "Vaccine Mandate"), which requires vaccination of staff by 21 types of Medicare and Medicaid providers subject to Medicare or Medicaid conditions of participation, conditions for coverage, or requirements for participation. R. Doc. 2. On November 30, 2021, this Court granted Plaintiff States' motion for a preliminary injunction, entering a nationwide injunction (excepting ten states covered by the "*Missouri* Injunction"[2]) enjoining and restraining Defendants from implementing the Vaccine Mandate. R. Docs. 28-29. The next day, Defendants filed a motion to stay the Court's ruling pending appeal to the Fifth Circuit, which was denied that same day. R. Docs. 32, 35. On December 2, 2021, Defendants filed a similar motion to stay with the Fifth Circuit, which was granted in part and denied in part. *See Louisiana v. Becerra*, __F.4th __, 2021 WL 4913302 (5th Cir. Dec. 15, 2021). The Fifth Circuit effectively narrowed the scope of the injunction pending appeal, keeping it in place for just the fourteen Plaintiff States. *Id.*

Following the Fifth Circuit's partial denial of Defendants' motion for stay, Defendants submitted an application to the Supreme Court seeking a stay of the narrowed injunction. *See Becerra v. Louisiana*, No. 21-A-241 (U.S. application filed on Dec. 16, 2021). Defendants also filed an application in the Supreme Court seeking a stay of the *Missouri* Injunction, after Defendants unsuccessfully moved to stay proceedings pending appeal in both the Missouri district court and the Eighth Circuit. *See Biden v. Missouri*, No. 21-A-240 (U.S. application filed Dec. 16,

---

[1] Plaintiff States include Louisiana, Montana, Arizona, Alabama, Georgia, Idaho, Indiana, Mississippi, Oklahoma, South Carolina, Utah, West Virginia, Ohio, and Kentucky.

[2] *Missouri v. Biden*, __F. Supp. 3d__, 2021 WL 5564501 (E.D. Mo. Nov. 29, 2021) (enjoining implementation and enforcement of the Vaccine Mandate for ten states).

2021). The Supreme Court consolidated Defendants' stay applications. *See Biden v. Missouri*, __S.Ct.__, 2021 WL 6061692 (Dec. 22, 2021). On January 12, 2022, the Supreme Court granted Defendants' motion for a stay of the preliminary injunctions issued by this Court and the Missouri court pending appeals to the Fifth and Eighth Circuits, respectively. *See Biden v. Missouri*, No. 21A240, 595 U.S. __, 2022 WL 120950 (U.S. Jan. 13, 2022).

Defendants seek to stay all further proceedings in this Court pending resolution of the appeal by the Fifth Circuit.

### III.     OPPOSITION TO STAY

**A.     Standard for Granting a Stay**

A district court has general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice. *See In re Beebe*, 56 F.3d 1384 (5th Cir. 1995) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings" is "incidental to a district court's inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id.* However, this control is not "unbounded," and "[p]roper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544-45 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254-55). The burden is squarely on the party seeking the stay to show "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *See Wedgeworth*, 706 F.2d at 545. Furthermore, "stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *Id.* (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

**B.     Defendants have failed to make the requisite showing for a stay of proceedings**

3

Defendants primarily argue that a stay is appropriate because Plaintiff States have not identified any prejudice or hardship that Plaintiff States would suffer due to a stay, and that a stay would preserve the resources of the parties. R. Doc. 40-1 at ¶ 6. But it isn't the States' burden to identify prejudice or hardship.

The Supreme Court's decision plainly contemplates that the litigation will advance in the lower courts.[3] Defendant has shown no reason to thwart that progress. This Court retains jurisdiction over all matters "not involved in the appeal." *Rauscher Pierce Refsnes, Inc. v. Birenbaum*, 860 F.2d 169, 170 (5th Cir. 1988) (citing 28 U.S.C. § 1292(a)(1)). "It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal. However, where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal." *Alice v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007) (quoting *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981)). *See also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Defendant has offered no reason for not proceeding with matters in this Court that are not before the Fifth Circuit, such as discovery and resolutions of issues relating to the Administrative Record.

C.     **Defendants seek a stay of an indefinite duration**

---

[3] For this reason alone, Defendants' reliance on the previous stays issued in the related cases is misplaced. *See Missouri v. Biden*, __F. Supp. 3d__, 2021 WL 5564501 (E.D. Mo. Nov. 29, 2021); *Florida v. Dep't of Health & Human Servs.*, No. 3:21CV2722-MCR-HTC, 2021 WL 5416122 (N.D. Fla. Nov. 20, 2021).

The Fifth Circuit has made clear that stay orders should not be "immoderate or of an indefinite duration." *Wedgeworth*, 706 F.2d at 545. Yet, that is what Defendants seek. *See McCall v. Peters*, No. Civ.A. 3:00-CV-2247-D, 2003 WL 22083507, at *2 (N.D. Tex. Feb. 18, 2003) ("Plaintiff also fails to state the potential duration of the requested stay. Thus, granting Plaintiff's motion at this time would create a stay of indefinite duration."); *Wedgeworth*, 706 F.2d at 545 (finding a "stay hinged on completion of [other] proceedings…manifestly indefinite," as a "stay must be 'so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.'") (quoting *Landis*, 299 U.S. at 257).

Although the States do oppose such an open-ended stay, a short-term stay of 14 days would permit time to further review the rulings issued by the United States Supreme Court and evaluate whether the issues can be narrowed.

### IV. CONCLUSION

Plaintiff States have an interest in the prompt and efficient resolution to this case. Since Defendants have not met their burden to show a clear need for a stay of proceedings pending appeal, their motion should be denied.

5

Dated: January 14, 2022      Respectfully Submitted,

By: */s/ Elizabeth B. Murrill*

| | |
|---|---|
| AUSTIN KNUDSEN<br>Montana Attorney General<br>David Dewhirst*<br>  Solicitor General<br>Kathleen L. Smithgall<br>  Assistant Solicitor General<br>215 North Sanders Street<br>Helena, MT 59601<br>David.Dewhirst@mt.gov<br>Kathleen.Smithgall@mt.gov<br><br>*Counsel for the State of Montana*<br><br>MARK BRNOVICH<br>  Arizona Attorney General<br>Robert J. Makar*<br>  Assistant Attorney General<br>2005 North Central Avenue<br>Phoenix, AZ 85004<br>Robert.makar@azag.gov<br><br>*Counsel for the State of Arizona*<br><br>STATE OF ALABAMA<br>Office of the Attorney General Steve Marshall<br>Edmund G. LaCour Jr.*<br>  Solicitor General<br>Thomas A. Wilson*<br>  Deputy Solicitor General<br>Office of the Attorney General<br>501 Washington Ave.<br>Montgomery, AL 36130<br>Tel.: (334) 353-2196<br>Fax: (334) 353-8400<br>Edmund.LaCour@AlabamaAG.gov<br>Thomas.Wilson@AlabamaAG.gov<br><br>*Counsel for the State of Alabama* | ELIZABETH B. MURRILL (La #20685)<br>  Solicitor General<br>J. SCOTT ST. JOHN (La #36682)<br>  Deputy Solicitor General<br>MORGAN BRUNGARD*<br>JOSIAH KOLLMEYER (La #39026)<br>  Assistant Solicitors General<br>LOUISIANA DEPARTMENT OF JUSTICE<br>1885 N. Third Street<br>Baton Rouge, Louisiana 70804<br>Tel: (225) 326-6766<br>murrille@ag.louisiana.gov<br>stjohnj@ag.louisiana.gov<br>brungardm@ag.louisiana.gov<br>kollmeyerj@ag.louisiana.gov<br><br>JIMMY R. FAIRCLOTH, JR. (La. #20645)<br>jfaircloth@fairclothlaw.com<br>MARY KATHERINE PRICE (La. #38576)<br>kprice@fairclothlaw.com<br>Faircloth Melton Sobel & Bash, LLC<br>105 Yorktown Drive<br>Alexandria, Louisiana 71303<br>Telephone: (318) 619-7755<br>Facsimile: (318) 619-7744<br><br>*Counsel for the State of Louisiana*<br><br>CHRISTOPHER M. CARR<br>Georgia Attorney General<br>Stephen J. Petrany<br>  Solicitor General<br>Drew F. Waldbeser*<br>  Deputy Solicitor General<br>Ross W. Bergethon<br>  Deputy Solicitor General<br>Office of the Attorney General<br>40 Capitol Square, S.W.<br>Atlanta, Georgia 30334<br>spetrany@law.ga.gov<br>dwaldbeser@law.ga.gov<br><br>*Counsel for the State of Georgia* |

6

LAWRENCE G. WASDEN
Idaho Attorney General
Brian Kane*
  Chief Deputy Attorney General
Leslie M. Hayes
Megan A. Larrondo
  Deputy Attorneys General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: 208-334-2400
Facsimile: 208-854-8071
brian.kane@ag.idaho.gov
leslie.hayes@ag.idaho.gov
megan.larrondo@ag.idaho.gov

*Counsel for the State of Idaho*

LYNN FITCH
Attorney General of Mississippi
Whitney H. Lipscomb*
  Deputy Attorney General
John V. Coghlan*
  Deputy Solicitor General
State of Mississippi
Office of the Attorney General
550 High Street
Jackson, MS 39201
Tel: (601) 359-3680

*Counsel for the State of Mississippi*

SEAN D. REYES
Utah Attorney General
Melissa A. Holyoak*
  Solicitor General
350 N. State Street, Suite 230
Salt Lake City, UT 84114
melissaholyoak@agutah.gov

*Counsel for the State of Utah*

THEODORE M. ROKITA
Indiana Attorney General
Thomas M. Fisher
  Solicitor General
Indiana Government Center South 302 W. Washington St., 5th Floor Indianapolis, IN 46204
Tom.fisher@atg.in.gov

*Counsel for the State of Indiana*

JOHN M. O'CONNOR
Attorney General of Oklahoma
Mithun Mansinghani*
  Solicitor General
313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921

*Counsel for the State of Oklahoma*

ALAN WILSON
South Carolina Attorney General
Thomas T. Hydrick
  Assistant Deputy Solicitor General
Office of the Attorney General
Post Office Box 11549
Columbia, SC 29211
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

PATRICK MORRISEY
West Virginia Attorney General
Lindsay S. See
  Solicitor General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Lindsay.s.see@wvago.gov

*Counsel for the State of West Virginia*

| | |
|---|---|
| DANIEL CAMERON<br>Kentucky Attorney General<br>Marc Manley<br>  Assistant Attorney General<br>700 Capital Avenue, Suite 118<br>Frankfort, KY 40601<br>Marc.Manley@ky.gov<br><br>*Counsel for the Commonwealth of Kentucky* | DAVE YOST<br>Ohio Attorney General<br>May Davis*<br>  Deputy Solicitor General<br>615 W. Superior Ave., 11th Floor<br>Cleveland, OH 44113<br>May.Davis@OhioAGO.gov<br><br>*Counsel for the State of Ohio* |

*\*Pro Hac Vice admission application forthcoming*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I presented the above and foregoing for filing and uploading to the CM/ECF system which will send electronic notification of such filing to all counsel of record.

Baton Rouge, Louisiana, this 14th day of January, 2021.

>             */s/ Elizabeth Murrill*
>                    OF COUNSEL