UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**STATE OF LOUISIANA ET AL**                          **CASE NO. 3:21-CV-03970**

**VERSUS**                                             **JUDGE TERRY A. DOUGHTY**

**XAVIER BECERRA ET AL**                               **MAG. JUDGE KAYLA D. MCCLUSKY**

MEMORANDUM ORDER
ON MOTION TO STAY FURTHER PROCEEDINGS

"The wheels of justice turn slowly but grind exceedingly fine."[1] The first part of this metaphor is certainly not true in this case.

**I.      BACKGROUND**

On November 5, 2021, the Government Defendants[2] published an Interim Final Rule, ("IFR") which revised the requirements that Medicare and Medicaid certified providers and suppliers must meet to participate in the Medicare and Medicaid Programs. 86 Fed. Reg. 61555-01 ("CMS Mandate). The CMS Mandate required the staff of specific Medicare and Medicaid healthcare providers to be fully vaccinated by January 4, 2022. In the event of a vaccine requiring two doses, the first was required by December 6, 2021, and the second required by January 4, 2022. Failure to comply with the CMS Mandate may result in penalties up to and including "termination of the Medicare/Medicaid Provider Agreement." 86 Fed. Reg. at 61574.

The CMS Mandate[3] resulted in lawsuits contesting the constitutionality and authority of government agencies to implement vaccine mandates. Courts across the country have responded

---

[1] Attributed to 3rd century Greek Philosopher Sextus Empiricus, who wrote: "The mills of the gods grind slowly, but they grind exceedingly fine."
[2] The Government Defendants consist of Xavier Becerra, in his official capacity as Secretary of Health and Human Services, The U.S. Department of Health and Human Services ("DHH"), Chiquita Brooks–Lasure, in her official capacity as Administrator of the Center for Medicare and Medicaid Services ("CMS").
[3] Along with three other vaccine mandates.

quickly. In this specific case, the Plaintiff States[4] filed a Complaint [Doc. No. 1] and Motion for Preliminary Injunction [Doc. No. 2] on November 15, 2021. On November 30, 2021 [Doc. Nos. 28, 29] this Court issued a Memorandum Ruling and Judgment GRANTING the Plaintiff States' Motion for Preliminary Injunction. *Louisiana v. Becerra,* 2021 WL 5609846 (W.D. La. November 30, 2021).

A Notice of Appeal [Doc. No. 31] was filed by Government Defendants on December 1, 2021. On December 15, 2021, [Doc. No. 39] the United States Court of Appeals for the Fifth Circuit DENIED the Government Defendants' Motion to Stay as to the fourteen (14) states that filed the suit and GRANTED the Government Defendants' Motion to Stay the Preliminary Injunction with regard to nationwide jurisdiction [Doc. No. 39]. 260 F.4th 260.

Thereafter, Government Defendants applied for writs to the Supreme Court of the United States for a stay of the injunction in this case *Missouri v. Biden,* 2021 WL 5564501 (E.D. Mo., November 29, 2021).[5] The Supreme Court held expedited oral arguments in this matter[6] on January 7, 2022. On January 13, 2022, the Supreme Court issued a written ruling, *Biden v. Missouri*, 595 U.S. __ (2022) ___, 2022 WL 120950, which GRANTED the Government Defendants' stay request, pending disposition of the Governments' Appeal in the United States Court of Appeals for the Fifth Circuit.

All in all, it took less than two months from the date of filing of the Complaint and Motion for Preliminary Injunction until a Supreme Court of the United States decision. So much for the "wheels of justice turning slowly." But this case is not yet complete. Up until this point,

---

[4] Plaintiff States consist of Louisiana, Montana, Arizona, Alabama, Georgia, Idaho, Indiana, Mississippi, Oklahoma, South Carolina, Utah, West Virginia, Kentucky, and Ohio.
[5] Which had granted an injunction in ten (10) additional states to the CMS Mandate.
[6] And in another vaccine mandate case, *National Federation of Independent Business v. OSHA*, 595 U.S. __ (2022) ____.

2

the issues have been whether the Plaintiff States were likely to succeed on the merits of the claims. There has not yet been a merits hearing in this case and there remain several unresolved issues.

At issue today is Government Defendants' Motion to Stay Further Proceedings [Doc. No. 40]. For the reasons more fully expressed herein, Government Defendants' Motion to Stay Further Proceedings is DENIED.

## II.   LAW AND ANALYSIS

In Government Defendants' motion,[7] Government Defendants ask the Court to stay further proceedings in this case while the issues in this case are considered by the Supreme Court and the Fifth Circuit. A request of this nature would almost certainly normally be granted. But this is not a typical case.

This Court does not yet know the date that Government Defendants intend to require unvaccinated workers to be vaccinated subject to the CMS ruling. Many of the Plaintiff States' claims have clearly been decided by the Supreme Court, but some have not. Some of the remaining issues may require a merits hearing. Whether the Fifth Circuit will remand the remaining issues to this Court for a merits hearing has not been determined.

Without knowing the answers to these questions this Court is hesitant to grant the requested stay. The Administrative Record has not yet been filed in this case. A stay would delay that being completed by Government Defendants and would ultimately delay any potential merits hearing. It is this Court's intent to make sure the "wheels of justice" do not slow down. The unvaccinated staff of the Medicare and Medicaid certified providers and suppliers[8] and the

---

[7] Filed prior to the Supreme Court's January 13, 2022 ruling.
[8] Estimated to be 2.4 million healthcare workers.

providers and suppliers themselves need to know when the CMS Mandate will require staff to be fully vaccinated.

Both have important decisions to make. The providers and suppliers must decide whether to allow a huge source of funding to be terminated or to discharge all unvaccinated staff.[9] The staff of the providers and suppliers (previously known as "healthcare heroes"), must decide whether to become fully vaccinated by a medical procedure they obviously do not want or to quit their jobs, the very same jobs these heroes carried out to save lives when there were no vaccines.

The big question is WHEN do the providers, suppliers, and staff have to make these decisions? Therefore, this Court will not consider granting a stay in this proceeding until it has the answer to that question.[10]

### A. Unresolved Issues

The Plaintiff States' Motion for Preliminary Injunction listed five primary claims: (1) the Government issued the CMS Mandate without following statutorily required processes (5 U.S.C. 553); (2) the CMS Mandate is beyond the authority of the Government Defendants; (3) the CMS Mandate is contrary to law; (4) the CMS Mandate is arbitrary and capricious (5 U.S.C. 706); and (5) Constitutional issues – that the CMS Mandate violates the Spending Clause, Tenth Amendment, Police Power and Non-Delegation Doctrine, and Anti-Commandeering Doctrine.

This Court initially found the Plaintiff States were likely to succeed on the merits on One, Two, Three, Four and parts of Five (Tenth Amendment Police Power and Non-Delegation Doctrine). This Court was unable to determine whether the Plaintiff States were likely to

---

[9] The CMS Mandate provides no alternative for testing.
[10] For purposes of full disclosure, this Court is vaccinated with both doses of the Pfizer COVID-19 vaccine. This Court also was infected with COVID-19 after being fully vaccinated.

succeed on the merits of the Anti-Commandeering Doctrine and the Spending Clause since it was unclear from the evidence the extent and nature of state involvement.

The Fifth Circuit only addressed claim number Two in finding the Plaintiff States were likely to succeed on the merits. 20 F.4th 260 at 262-63.

The Supreme Court clearly addressed the above numbered issues in One, Two, Three and Four, but did not address any of the constitutional issues in number Five. *Biden v. Missouri* 595 U.S. __ (2022) 2022 WL 120950.[11] Therefore, it appears to this Court that issues remain regarding violations of the Tenth Amendment (Police Power and Non-Delegation Doctrine claims), violation of the Spending Clause, and the Anti-Commandeering Doctrine.

**B.     Standard**

A district court has general discretionary power to stay proceedings because it is in the control of its docket and in the interests of justice. *In re. Beebe*, 56 F.3d 1384 (5th Cir. 1995) (citing *Landis v. North American Co.,* 299 U.S., 248, 254 (1936). This control is not unbounded. Proper use of this authority calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544-45 (5th Cir. 1983) (quoting *Landis,* 299 U.S. at 254-55). The burden of proof is on the party seeking the stay. *Wedgeworth*, 706 F.2d at 545. Additionally, stay orders are not to be immoderate or of an indefinite duration. *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

This Court retains jurisdiction over all matters not involved in the appeal. *Rauscher Pierce Refsnes, Inc. v. Birenbaum*, 800 F.2d 169, 170 (5th Cir. 1988)

---

[11] The Supreme Court did say "We also disagree with the respondent's remaining contentions in support of the injunctions entered below." 2022 WL 120950, at 9. However, none of the listed arguments dealt with the constitutional claims listed in number Five.

### III. CONCLUSION AND ORDER

As discussed herein, without knowing when the Government Defendants intend to re-impose the CMS Mandate vaccine requirements, without knowing whether a Motion for Rehearing will be asked for by the Plaintiff States, and without knowing whether the Fifth Circuit will address the remaining issues or remand to this Court for a merits hearing, the Government Defendants Motion to Stay Further Proceedings will be **DENIED.**

In the event any part of the remaining issues are remanded to this Court, counsel should be prepared for an expedited briefing schedule so that any remaining issues can be decided prior to the date required for the first required COVID-19 vaccine. Accordingly,

**IT IS ORDERED** that Government Defendants' Motion to Stay Further Proceedings [Doc. No. 40] is **DENIED**.

**MONROE, LOUISIANA**, this 18th day of January 2022.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**