IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, JEFF LANDRY, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, et al., <br><br> DEFENDANTS. | Civil Action No. 3:21-cv-03970 <br><br> District Judge Terry A. Doughty <br><br> Magistrate Judge Kayla D. McClusky |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED, SUPPLEMENTAL, AND RESTATED COMPLAINT**

Plaintiffs moved the Court under Rule 15 for leave to file a second amended, supplemental, and restated complaint. *See* Doc. No. 51. In essence, the new complaint does two things: (1) challenges the legality of Defendants' January 25, 2022 guidance, which is new agency action extending the CMS vaccine mandate; and (2) adds Tennessee and Virginia as Plaintiffs. Defendants opposed Plaintiffs' motion for leave, raising two arguments: (1) Defendants' notice of appeal deprives this Court of jurisdiction to grant Plaintiffs' motion to amend; and (2) the new complaint's challenges to the interim finial rule (IFR) and the January 25 guidance are futile. *See generally* Doc. No. 55. Defendants did *not* oppose Tennessee and Virginia joining this case as Plaintiffs.

This Court asked Plaintiffs for a reply to Defendants' opposition. Doc. No. 56. "In particular," the Court sought briefing about "Defendants' claim that the notice of appeal deprive this Court of Jurisdiction." *Id.*

## ARGUMENT

None of Defendants' arguments should prevent this Court from "freely giv[ing] leave" to amend to Plaintiffs here. Fed. R. Civ. P. 15(a)(2). The January 25 guidance is new agency action, and Plaintiffs' claims stemming from the agency's new actions are distinct from the issues pending before the Fifth Circuit. Defendants concede as much. *See* Doc. No. 55 at 10 n.1 (agreeing that "a motion to amend their complaint" to "raise challenges to the January 25 memorandum . . . likely would not be precluded"). Plaintiffs' claims stemming from new agency actions thus do not implicate the jurisdictional-transfer rule. Moreover, if the jurisdictional-transfer rule barred Plaintiffs from challenging new agency actions simply because the new claims shared similar elements with prior claims, that would permit federal agencies to run roughshod over the states with impunity for as long as the prior claims remained pending before an appellate court. Thus, "justice . . . requires" granting leave to amend so that the Plaintiff-States may address new agency actions. Fed. R. Civ. P. 15.

1. This Court has jurisdiction to grant leave to amend. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.*" *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58

(1982) (emphasis added). However, district courts retain jurisdiction to act on all matters not involved in the appeal. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 378–79 (1985); *Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007). And "[h]ow broadly a court defines the aspects of the case on appeal depends on the nature of the appeal." *Alice L.*, 492 F.3d at 565.

This is unique litigation, and it produced a unique appeal. Plaintiff-States here are not suing to vindicate a wrong that exists solely in the past. *Cf. Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (ruling that state judge claiming that state officials unlawfully retaliated against her was not permitted to amend complaint and introduce new arguments about qualified immunity while case was on appeal). Plaintiffs aim to protect themselves from new agency actions and present abuses. Thus, this Court should construe Plaintiffs' claims stemming from new agency actions as separate from the previous claims pending on appeal.

The Fifth Circuit has explained that "[a] notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007). And "[h]ow broadly a court defines the aspects of the case on appeal depends on the nature of the appeal." *Id.* at 565. The Fifth Circuit has routinely broadened or narrowed the jurisdictional transfer rule based on the unique features of the case on appeal. *See, e.g., Alaska Electrical Pension Fund v. Flowserve Corp.*, 572 F.3d 221 (5th Cir. 2009) (concluding that a district court retained jurisdiction over the issue of loss causation

3

despite the fact that a "practically identical" issue was being considered on appeal); *Clower v. Wells Fargo Bank, N.A.*, 381 F. App'x 450, 451–52 (5th Cir. 2010) (allowing district court to dismiss complaint after appellate court granted permission to appeal); *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145–46 (5th Cir. 1982) (allowing district court to hold a party in contempt for violating an injunction while the merits of the injunction are on appeal); *Whole Woman's Health v. Jackson*, 13 F.4th 434, 446 (5th Cir. 2021) (explaining "sovereign immunity issues call for a broader reading of the *Griggs* jurisdictional transfer" (internal quotation marks omitted)).

It is well settled that "[t]he pendency of an interlocutory appeal from the denial of a preliminary injunction does not ordinarily divest the district court of jurisdiction to proceed with other aspects of the case, *including a final decision on the merits of the case.*" *Ester v. Nacogdoches Cty., Texas*, 193 F.3d 518 (5th Cir. 1999) (emphasis added) (citing *Railway Labor Executives Ass'n v. City of Galveston*, 898 F.2d 481 (5th Cir. 1990); *Nalco Chemical Co. v. Hall*, 347 F.2d 90, 92 (5th Cir. 1965)); *Ry. Lab. Executives' Ass'n v. City of Galveston, By & Through Bd. of Trustees of the Galveston Wharves*, 898 F.2d 481, 481–82 (5th Cir. 1990) ("Because the pendency of the interlocutory appeal from the district court's judgment denying the preliminary injunction did not divest the district court of jurisdiction to proceed with other aspects of the case, that court did not act improperly in considering the plaintiff's petition for a permanent injunction.").

To be sure, the Fifth Circuit has explained that a district court may not allow a party to amend a complaint in a way that would "significantly change[] the status of [an] appeal[]." *Dayton Indep. Sch. Dist. v. U.S. Min. Prod. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (observing the plaintiffs' motion to amend dropped many claims and dismissed a party from the action, which had a large impact on the status of the appeals); *see Wooten*, 964 F.3d at 403 ("Because Defendants' prosecutorial and official immunity defenses hinge on the facts Wooten alleged, allowing Wooten to amend those facts would necessarily affect this appeal."). *But see Hamer v. Campbell*, 358 F.2d 215, 223 (5th Cir. 1966) (explaining the interlocutory appeal "did not divest the District Court of jurisdiction of the supplemental complaint.").

Thus, the key question for this Court here is whether Plaintiffs' second amended complaint will "necessarily affect" the status of the appeal. *Wooten*, 964 F.3d at 403. Defendants have conceded that adding the new challenge to the January 25 guidance "likely would not be precluded under the jurisdictional transfer rule." Doc. No. 55 at 10 n1. Defendants are wise to make this concession. New agency guidance—issued more than a month after Defendants noticed their appeal—could not possibly be the subject of the appeal. By extension, adding challenges to that new agency guidance could not possibly affect the status of the appeal. Nor could adding new parties who desire to challenge the new guidance affect the status of the appeal, which is likely why Defendants acknowledge but do not oppose the addition of Tennessee and Virginia as Plaintiffs. Doc. No. 55 at 4.

5

And Defendants' insistence that the "issues currently on appeal" are the "same issues" raised in the new complaint cannot be squared with the absence of the Anti-Commandeering Doctrine from the appeal. *Id.* at 9. In granting the preliminary injunction, this Court ruled that, "[a]s this Court is unable to tell (at this point) whether and/or how many of the providers and suppliers are run by states, there is no evidence to prove the violation" of the Anti-Commandeering Doctrine. *Louisiana v. Becerra*, No. 3:21-CV-03970, 2021 WL 5609846, at *15 (W.D. La. Nov. 30, 2021). Defendants did not appeal that ruling, which was in their favor, so neither the Plaintiffs' nor the Defendants' briefing before the Supreme Court even referenced that issue. The January 25 guidance is a clear example of how the federal government is attempting to commandeer the States to enforce federal policy, and the new complaint provides further information about how Defendants are violating the Anti-Commandeering Doctrine and other constitutional provisions. The issues on appeal and in the new complaint are not the same, and the mere fact of an appeal does not give Defendants the right to issue any new guidance without the possibility of a new legal challenge to that guidance. *See New York v. United States*, 342 U.S. 882, 884 (1951) (Black, J., dissenting) ("Unless we make the requirements for administrative action strict and demanding, expertise, the strength of modern government, can become a monster which rules with no practical limits on its discretion. Absolute discretion, like corruption, marks the beginning of the end of liberty.").

2. Defendants argue at length that the legal challenges in Plaintiffs' second amended complaint "are futile." Doc. No. 55 at 11–22. Defendants' arguments appear

to hinge mostly on the fact that the Supreme Court recently stayed the preliminary injunction this Court entered in this case. Defendants forget, however, that a ruling on a stay application is not a ruling on the merits—as Justice Kavanaugh reemphasized only yesterday. *Merrill v. Milligan*, No. 21-1086, 2022 WL 354467, at *1 (U.S. Feb. 7, 2022) ("The stay order is not a ruling on the merits, but instead simply stays the District Court's injunction *pending a ruling on the merits*." (emphasis in original)).

In any event, the January 25 guidance implicates new legal issues that were not addressed—indeed, could not have been addressed—by the Supreme Court in its decision from January 13, 2022. The Supreme Court's silence about the constitutional issues involved in the stay appeal—which did not involve the Anti-Commandeering Doctrine or any of Plaintiff States' constitutional arguments related to the January 25 guidance—does not amount to the Supreme Court "effectively reject[ing] each of th[o]se claims" on the merits, as Defendants now assert. Doc. No. 55 at 13. Defendants' "implicit[] reject[ion]" approach to the Supreme Court's stay decision is not at all how legal opinions work. *Id.* at 1. And the fact that the Supreme Court ruled in Defendants' favor in that appeal does not give Defendants the right to subsequently issue new legal guidance and avoid any legal challenges to that guidance. Defendants offer no support for that remarkable proposition.

Defendants also contend that Plaintiffs' amendments to their complaint are futile because January 25 guidance is "not a final agency action." Doc. No. 55 at 19. This is true, according to Defendants, because "no rights or obligations have been

7

determined by it, and no legal consequences will flow from it." *Id.* (internal quotation marks omitted). These points are flatly contradicted by the assertions in Plaintiffs' second amended complaint and the language of the January 25 guidance. *See* Doc. No. 51-1, Pls.' Second Amend. Suppl. Compl. ¶¶ 129–33 ("The January 25 Guidance Mandate significantly alters the federal-state balance by, among other things, cutting deeply into the States' traditional prerogatives to manage its own personnel."). For example, Defendants lean heavily on the January 25 guidance's use of the word "should," *see* Doc. No. 55 at 20, but entirely ignore the guidance's order that "[c]urrent performance and timeliness standards for State Survey Agencies and AOs remain, and consideration will not be provided for failures to meet these expectations due to a lack of vaccinated surveyors to complete the mandated workload." Doc. No. 51-1 at ¶ 129 (quoting CMS, QSO-22-10-ALL, *Vaccination Expectations for Surveyors Performing Federal Oversight* (Jan. 25, 2022), https://www.cms.gov/files/document/qso-22-10-all.pdf). These federal "expectations" are not mere suggestions; they are commands.

As this Court has observed, the wheels of justice have not turned slowly in this case. Doc. No. 46 at 2. This matter has moved with extraordinary speed, resulting in Supreme Court-level stay litigation before Defendants have filed an answer and before an administrative record has even been filed. *See id.* at 3 ("The Administrative Record has not yet been filed in this case."). In the absence of any record, the Court should not rely on Defendants' bald statements that the January 25 guidance will have no impact on Plaintiffs in direct contradiction to Plaintiffs' allegations. *See*

8

*Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) ("The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.").

Because of unanswered important questions lurking in this case, this Court has already refused to grant Defendants' request for a stay after the Supreme Court handed down its decision. *See* Doc. No. 46 at 4 ("The big question is WHEN do the providers, suppliers, and staff have to make these decisions? Therefore, this Court will not consider granting a stay in this proceeding until it has the answer to that question."). It would be odd to agree with Defendants' jurisdictional arguments and deny leave to amend only now that the answers to these questions are finally being provided. Defendants' futility arguments are without merit.

## CONCLUSION

Plaintiff-States respectfully ask the Court to grant their motion for leave to file their second amended and supplemental complaint.

Dated: February 8, 2022　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　By: */s/Elizabeth Murrill*

| | |
|---|---|
| AUSTIN KNUDSEN<br>Montana Attorney General<br>David Dewhirst*<br>　Solicitor General<br>Kathleen L. Smithgall<br>　Assistant Solicitor General<br>215 North Sanders Street<br>Helena, MT 59601<br>David.Dewhirst@mt.gov<br>Kathleen.Smithgall@mt.gov<br><br>*Counsel for the State of Montana* | ELIZABETH B. MURRILL (La #20685)<br>　Solicitor General<br>J. SCOTT ST. JOHN (La #36682)<br>　Deputy Solicitor General<br>MORGAN BRUNGARD*<br>JOSIAH KOLLMEYER (La #39026)<br>　Assistant Solicitors General<br>LOUISIANA DEPARTMENT OF JUSTICE<br>1885 N. Third Street<br>Baton Rouge, Louisiana 70804<br>Tel: (225) 326-6766<br>murrille@ag.louisiana.gov |

9

MARK BRNOVICH
  Arizona Attorney General
Anthony R. Napolitano*
Robert J. Makar*
  Assistant Attorneys General
2005 North Central Avenue
Phoenix, AZ 85004
Anthony.Napolitano@azag.gov
Robert.Makar@azag.gov
ACL@azag.gov

*Counsel for the State of Arizona*

STATE OF ALABAMA
Office of the Attorney General Steve Marshall
Edmund G. LaCour Jr.*
  Solicitor General
Thomas A. Wilson*
  Deputy Solicitor General
Office of the Attorney General
501 Washington Ave.
Montgomery, AL 36130
Tel.: (334) 353-2196
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov

*Counsel for the State of Alabama*

CHRISTOPHER M. CARR
Georgia Attorney General
Stephen J. Petrany
  Solicitor General
Drew F. Waldbeser*
  Deputy Solicitor General
Ross W. Bergethon
  Deputy Solicitor General
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
spetrany@law.ga.gov
dwaldbeser@law.ga.gov
*Counsel for the State of Georgia*

LAWRENCE G. WASDEN

stjohnj@ag.louisiana.gov
brungardm@ag.louisiana.gov
kollmeyerj@ag.louisiana.gov

JIMMY R. FAIRCLOTH, JR. (La. #20645)
jfaircloth@fairclothlaw.com
MARY KATHERINE PRICE (La. #38576)
kprice@fairclothlaw.com
Faircloth Melton Sobel & Bash, LLC
105 Yorktown Drive
Alexandria, Louisiana 71303
Telephone: (318) 619-7755
Facsimile: (318) 619-7744

*Counsel for the State of Louisiana*

10

Idaho Attorney General
Brian Kane*
  Chief Deputy Attorney General
Leslie M. Hayes
Megan A. Larrondo
  Deputy Attorneys General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: 208-334-2400
Facsimile: 208-854-8071
brian.kane@ag.idaho.gov
leslie.hayes@ag.idaho.gov
megan.larrondo@ag.idaho.gov

*Counsel for the State of Idaho*

THEODORE M. ROKITA
Indiana Attorney General
Thomas M. Fisher
  Solicitor General
Indiana Government Center
South 302 W. Washington St., 5th Floor
Indianapolis, IN 46204
Tom.fisher@atg.in.gov

*Counsel for the State of Indiana*

DANIEL CAMERON
Kentucky Attorney General
Marc Manley
  Assistant Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601
Marc.Manley@ky.gov

*Counsel for the Commonwealth of Kentucky*

LYNN FITCH
Attorney General of Mississippi
Whitney H. Lipscomb*
  Deputy Attorney General
John V. Coghlan*
  Deputy Solicitor General
State of Mississippi
Office of the Attorney General

11

550 High Street
Jackson, MS 39201
Tel: (601) 359-3680

*Counsel for the State of Mississippi*

DAVE YOST
Ohio Attorney General
May Davis*
  Deputy Solicitor General
615 W. Superior Ave., 11th Floor
Cleveland, OH 44113
May.Davis@OhioAGO.gov

*Counsel for the State of Ohio*

JOHN M. O'CONNOR
Attorney General of Oklahoma
Mithun Mansinghani*
  Solicitor General
313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921

*Counsel for the State of Oklahoma*

ALAN WILSON
South Carolina Attorney General
Thomas T. Hydrick
  Assistant Deputy Solicitor General
Office of the Attorney General
Post Office Box 11549
Columbia, SC 29211
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

HERBERT H. SLATERY III
  Attorney General and Reporter of Tennessee
ANDRÉE S. BLUMSTEIN
  Solicitor General
CLARK L. HILDABRAND*
BRANDON J. SMITH*
  Assistant Solicitors General

12

Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 253-5642
Clark.Hildabrand@ag.tn.gov
Brandon.Smith@ag.tn.gov

*Counsel for the State of Tennessee*

SEAN D. REYES
Utah Attorney General
Melissa A. Holyoak*
  Solicitor General
350 N. State Street, Suite 230
Salt Lake City, UT 84114
melissaholyoak@agutah.gov

*Counsel for the State of Utah*

JASON S. MIYARES
  Attorney General of Virginia
Andrew N. Ferguson*
  Solicitor General
Coke Morgan Stewart
  Deputy Attorney General
Lucas W.E. Croslow*
  Deputy Solicitor General
Office of the Attorney General of Virginia
Richmond, VA 23219
(814) 786-7704
AFerguson@oag.state.va.us
LCroslow@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

PATRICK MORRISEY
West Virginia Attorney General
Lindsay S. See
  Solicitor General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Lindsay.s.see@wvago.gov

*Counsel for the State of West Virginia*
* *Pro Hac Vice Forthcoming*

13

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I presented the above and foregoing for filing and uploading to the CM/ECF system which will send electronic notification of such filing to all counsel of record.

Baton Rouge, Louisiana, this 8th day of February, 2022.

*/s/Elizabeth Murrill*
Solicitor General
