# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **STATE OF LOUISIANA ET AL** | **CASE NO.  3:21-CV-03970** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **XAVIER BECERRA ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING

Pending before the Court is a Motion for Leave to File Second Amended, Supplemental, and Restated Complaint ("Motion for Leave") [Doc. No. 51] filed by Plaintiff States[1] on February 4, 2022. The Motion for Leave is opposed. This Court ordered Government Defendants[2] to file a response by Monday, February 7, 2022. Government Defendants timely filed an Opposition [Doc. No. 55]. Plaintiff States filed a Reply [Doc. No. 58].

### I.   BACKGROUND

The issues in the previous Complaint [Doc. No. 1] were ultimately resolved by the Supreme Court of the United States on January 13, 2022. *Biden v. Missouri*, 142 S. Ct. 647 (2022). In its ruling, the Supreme Court found:

1. The Secretary of Health and Human Services had the authority to implement an interim final rule (86 Fed. Reg. 61561) ("CMS Vaccine Mandate"), which required staff of covered medical providers to become fully vaccinated against COVID-19;

2. The CMS Vaccine Mandate was not arbitrary and capricious under the Administrative Procedures Act ("APA"). Title 5 U.S.C. § 706(2)(A);

---

[1] Plaintiff States consist of Louisiana, Montana, Arizona, Alabama, Georgia, Idaho, Indiana, Mississippi, Oklahoma, South Carolina, Utah, West Virginia, Kentucky, Ohio, Tennessee, and Virginia.

[2] Government Defendants consist of Xavier Becerra, in his official capacity as Secretary of Health and Human Services, The U.S. Department of Health and Human Services ("DHH"), Chiquita Brooks–Lasure, in her official capacity as Administrator of the Center for Medicare and Medicaid Services ("CMS").

3. The Secretary of Health and Human Resources had good cause to waive the notice and comment requirement as to the CMS Vaccine Mandate under the APA. Title 5 U.S.C. § 553;

4. The CMS Vaccine Mandate was not contrary to law in violation of 42 U.S.C. § 1395z, 42 U.S.C. § 1395, or 42 U.S.C. § 1302(b)(1); and

5. Stated that "we also disagree with respondents' remaining contentions in support of the injunctions entered below." 142 U.S. at 653.

## II.   PROPOSED AMENDMENT

Plaintiff States seek to amend their previous complaint by adding the State of Tennessee and the Commonwealth of Virginia as plaintiffs. Additionally, Plaintiff States' Second Amended, Supplemental, and Restated Complaint [Doc. No. 51-1] asserts that:

1. A January 25, 2022 publication, Vaccination Expectations for Surveyors Performing Federal Oversight (Jan. 25, 2022)[3] ("Surveyor Vaccine Mandate"), sets a new vaccine mandate on state employee surveyors who survey and report whether Medicare and Medicaid facilities are complying with applicable regulations, including the November 5, 2021 CMS Vaccine Mandate. Plaintiff States maintain state surveyors were not previously covered by the November 5, 2021 CMS Vaccine Mandate and that Government Defendants failed to comply with the APA in implementing the Surveyor Vaccine Mandate. Plaintiff States also maintain this new mandate puts additional burdens on the States, which violate the State's police power and preempts State laws;

2. The Secretary's rationale for the CMS Vaccine Mandate and for avoiding notice and comment no longer exists. Plaintiff States maintain that the rationale for the CMS

---

[3] https://www.cms.gov/files.document/qso-22-10-all.pdf

Vaccine Mandate was built upon the Delta variant of the COVID-19 virus. Plaintiff States argue that the Delta variant has disappeared and has been replaced by the Omicron variant, which is now responsible for 99.99% of all COVID-19 cases in the United States. Plaintiff States further maintain that none of the three COVID-19 vaccinations are effective in preventing the transmission of the Omicron variant;

3. The November 5, 2021 CMS Vaccine Mandate is wreaking havoc in the healthcare labor market due to staffing shortages caused by the CMS Vaccine Mandate;

4. The CMS Vaccine Mandate violates the Tenth Amendment, the Spending Clause, the Anti-Commandeering Doctrine, and the Non-Delegation Doctrine of the United States Constitution[4]; and

5. The Supreme Court found in their January 13, 2022 ruling that the CMS Vaccine Mandate was not contrary to law in violation of 42 § U.S.C. 1395z because Government Defendants were not required to consult with the appropriate State agencies in advance, but they were permitted to during the deferred notice and comment period. Plaintiff States maintain that the deferred notice and comment period expired on January 4, 2022, without Government Defendants consulting with appropriate State agencies, so the CMS Mandate is now "contrary to law."

### III. JURISDICTION

As stated, the Supreme Court ruled on this matter on January 13, 2022. *Biden*, 142 S. Ct. 647, 595 U.S. As part of their ruling, the Supreme Court remanded this proceeding to the United States Court of Appeals for the Fifth Circuit, where it remains pending.

---

[4] This Court previously held that Plaintiff States were likely to succeed on the merits that the vaccine mandate violates the Tenth Amendment and the Non-Delegation Doctrine.

3

Government Defendants maintain this Court lacks jurisdiction because the case is currently on appeal. As stated by the Supreme Court in *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982):

> It is generally understood that a federal district court and a federal court of appeals shall not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of judicial significance—it confers jurisdiction on the court of appeals and diverts the district court of its control over those aspects of the case involved in the appeal.

459 U.S. at 58.

There are a few exceptions to this rule; however, granting leave to amend a complaint[5] and granting an injunction[6] are not among those exceptions. Additionally, a district court may not take any action that would "alter the status of the case as it rests before the Court of Appeals." [7] In this Court's opinion, granting the Plaintiff States' Motion for Leave [Doc. No. 51] could alter the status of the case before the Fifth Circuit.

FED. R. CIV. P. 62.1 only grants three options to a district court when a timely motion is made for relief that the court lacks authority to grant because of a pending appeal:

1) Defer considering the motion;

2) Deny the motion; or

3) State either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The divestiture of jurisdiction covers only the matters involved in the appeal[8] but almost all of the issues in the proposed Second Amended, Supplemental, and Restated Complaint [Doc.

---

[5] *Dayton Indep. School Dist. V. U.S. Minerals Prods.*, 906 F.2d 1059 (5th Cir. 1990)
[6] *American Town Center v. Hall*, 912 F.2d 104 (6th Cir. 1990)
[7] *Dayton Independent School Dist.*, 906 F.2d at 1063.
[8] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 105 S. Ct. 1327, 84 L. Ed. 2d 274 (1985)

No. 51-1] relate to issues on appeal. The only issues that do not relate to the issues on appeal are the alleged Surveyor Mandate and the constitutional issue of whether the CMS Vaccine Mandate violated the Anti-Commandeering Doctrine.[9]

## IV. INDICATIVE RULING

This Court finds it does not have jurisdiction to grant Plaintiff States' Motion for Leave as the matter is currently on appeal, pending with the United States Court of Appeals for the Fifth Circuit. The alleged Surveyor Vaccine Mandate is likely not being considered by the Fifth Circuit, but the alleged violation of the Anti-Commandeering Doctrine may be. To allow an amendment to both of these issues could affect the pending appeal. In order to avoid this, the Court is entering an indicative ruling in accordance with FED. R. CIV. P. 62.1(3).

Therefore, this Court enters an indicative ruling that in the event the United States Court of Appeals for the Fifth Circuit sees fit to remand the matter to this Court for disposition, it would GRANT the Plaintiff States' Motion for Leave to File Second Amended, Supplemental, and Restated Complaint [Doc. No. 51] only with regard to the issues of the alleged Surveyor Vaccine Mandate, and the alleged violation of the Anti-Commandeering Doctrine.

MONROE, LOUISIANA, this 9th day of February 2022.

_____
Terry A. Doughty
United States District Judge

---

[9] The Anti-Commandeering Doctrine issue was not addressed in briefs to the Supreme Court.