**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, JEFF LANDRY, et al., <br><br> PLAINTIFFS, | Civil Action No. 3:21-cv-03970 |
| v. | District Judge Terry A. Doughty |
| XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, et al,; <br><br> DEFENDANTS. | Magistrate Judge Kayla D. McClusky |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

The Supreme Court has effectively resolved the *appeal of the preliminary injunction*, but not this case itself, a distinction that makes Defendants' Motion to Dismiss—and their attempted sleight of hand in conflating the two—inappropriate at this time.  Additionally, Defendants (collectively "CMS") have used the time while the Fifth Circuit has retained jurisdiction over the case via the appeal—and Plaintiffs (the "States") have thus been unable to amend their pleadings—to *expand* the scope of the vaccine mandate by issuing additional guidance documents but shielding them from review, further implicating the States' interests.

**BACKGROUND**

This Court issued a preliminary injunction against the CMS Interim Final Rule ("IFR") creating a COVID-19 Vaccine Mandate based on specific factors it listed in its opinion, but specifically stated that it did *not* do so based on the States' Anti-Commandeering claims.  Order, Dkt. 28 at PageID# 661.  Defendants appealed that decision, and ultimately the Supreme Court ruled to stay it.  *Biden v. Missouri*, 142 S. Ct. 647 (2022).  In the wake of the Supreme Court's decision, Defendants expanded the reach of the IFR with the January 25 and February 9 Guidance documents and began enforcement based via avenues they previously represented to courts that they would not pursue.  CMS, QSO-22-10-ALL, *Vaccination Expectations for Surveyors Performing Federal Oversight*, https://go.cms.gov/34pQK3G ("January 25 Guidance"); CMS QSO-22-12-ALL*, State Obligations to Survey to the Entirety of Medicare and Medicaid Health and Safety Requirements under the 1864 Agreement* (Feb. 9, 2022), https://go.cms.gov/34PVy24,

("February 9 Guidance").  Plaintiffs attempted to raise issues regarding the January 25 Guidance with a Second Amended, Supplemental, and Restated Complaint ("Second Amended Complaint") but this Court issued an Indicative Ruling stating that it would accept the filing but it may not currently have jurisdiction to do so during the pendency of the appeal.[1]  The merits of that appeal are now fully briefed and awaiting the Fifth Circuit's judgment.  Defendants filed their Motion to Dismiss in the intermediate time between their own new actions giving rise to the Second Amended Complaint and the end of the Fifth Circuit's jurisdictional hold on the appeal, while the district court litigation has been unable to evolve because the States' and this Court's hands are still *temporarily* tied.

## ARGUMENT

### I.  Dismissing the First Amended Complaint is Not Appropriate as it Contains Live Claims to be Litigated, Including Counts Not Included in the Appeal.

The States' First Amended Complaint contains live claims that have not been settled by the Supreme Court decision in *Missouri v. Biden* and that meet the standard to survive a motion to dismiss.  To survive CMS's 12(b)(6) motion, the States need only "plead enough facts 'to state a claim to relief that is plausible on its face.'" *Harvey v. Preload, LLC*, 2:21-CV-00401, 2022 WL 495174, at *3 (W.D. La. Feb. 17, 2022) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).  The States have done so to a sufficient extent not only to survive this motion to dismiss, but for this Court to previously find that the States were likely to succeed on the merits

---

[1] The February 9 Guidance was issued after the States requested leave to file the Second Amended Complaint but the States have included it in their emergency pleadings before the Fifth Circuit.

and thus issue a preliminary injunction against CMS.   Preliminary Injunction Memorandum Opinion and Order, Dkt. 28 and 29.   And appellate jurisdiction is limited to prohibit the appellate court from considering "the correctness of the plaintiff's version of the facts." *Good v. Curtis*, 601 F.3d 393, 397 (5th Cir. 2010) (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir.2009)).   This Court could not have made the factual findings necessary to issue that order without a properly pled complaint.   CMS's motion to dismiss here is thus based solely on the legal impact of the Supreme Court's decision in *Missouri*, but that opinion is limited to the issues before it on appeal and does not encompass all the counts brought in the States' First Amended Complaint.    For this reason, the First Amended Complaint survives CMS's blanket motion to dismiss.

> ### A. Defendants' Appeal of the Preliminary Injunction is Limited in Scope so the Anti-Commandeering Claims and Issues Arising from Defendants' Subsequent Policymaking are Proper and Live Before This Court.

In addition to being prohibited from reviewing this Court's factual findings, the appeals court's jurisdiction is limited "only to those parts of an interlocutory order that relate to the grant of an injunction."   *Ass'n of Co-op. Members, Inc. v. Farmland Indus., Inc.*, 684 F.2d 1134, 1138 (5th Cir. 1982).   Therefore, the appeal of the preliminary injunction to the Fifth Circuit and then the Supreme Court would be limited to only those determinations on which this Court relied in order to reach its decision to grant an injunction.   *Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 191 (5th Cir. 2015) (first identifying the determinations "the district court relied on" to reach its injunction before

proceeding to review).  The Complaint, and by incorporation the First Amended Complaint, included as Count IX that "The Vaccine Mandate Violates the Anti-Commandeering Doctrine."  Compl., Dkt. 1 at PageID# 45-46; First A. Compl., Dkt. 11.  But this Court expressly stated that it could not base its injunction on the Anti-Commandeering Doctrine claims because "this Court is unable to tell (at this point) whether and/or how many of the providers and suppliers are run by states," and so it could not find sufficient evidence to prove the violation.  Order, Dkt. 28 at PageID# 661.

As this Court did not base its preliminary injunction on the States' Anti-Commandeering Doctrine claims, Count IX was outside of the jurisdiction for CMS's appeal and therefore has not been resolved as a matter of law.  Importantly, Count IX does clear the motion to dismiss pleading standard despite the lack of evidence to satisfy the higher standard for preliminary injunction purposes because the Complaint specifies that there are "state-run hospitals" that are impacted by the mandate; no evidence beyond that pleading is required to determine that "a claim to relief that is plausible on its face," as required by *Iqbal*.  Dkt. 1 at ¶ 193; 129 S.Ct. at 1949.

The additional claims Plaintiffs wish to bring, should they be allowed to amend their complaint, are likewise not precluded by the Supreme Court's *Missouri* decision as they pertain to the January 25 Guidance and February 9 Guidance, which affect implementation of the IFR but were issued only after *Missouri*.  And as the Complaint survives at least through Count IX, Plaintiffs should be given the

opportunity to amend their complaint when the Fifth Circuit returns jurisdiction over the case to this Court.

**B.    This Court's Jurisdiction of Remaining Claims will Resume in full after Resolution of the Fifth Circuit Appeal.**

As this Court noted in its Memorandum Ruling of February 9, 2022, jurisdiction over this case resides with the Fifth Circuit as the appeal of the preliminary injunction is still pending before it.  Dkt. 59 at PageID# 917.  But once that appeal—which is now fully briefed on the merits—is resolved, this Court will not have to consider whether "an amendment … could affect the pending appeal." *Id.*  Therefore, it is likely this Court will soon have the case returned to it and it may grant the States' motion to amend their complaint as indicated in the Indicative Ruling.  *Id.*  The timing of CMS's motion to dismiss in the window during which the parties are merely waiting for the Fifth Circuit's merits decision should not deny the States the ability to continue with their case as they would be able to should that decision have already been issued.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion to Dismiss the First Amended Complaint.

Dated:  April 8, 2022                      Respectfully Submitted,

By: */s/ Elizabeth B. Murrill*

AUSTIN KNUDSEN                         ELIZABETH B. MURRILL (La #20685)
Montana Attorney General                  Solicitor General
David Dewhirst*                          J. SCOTT ST. JOHN (La #36682)
  Solicitor General                        Deputy Solicitor General
Kathleen L. Smithgall                     MORGAN BRUNGARD*
  Assistant Solicitor General               Assistant Solicitor General
215 North Sanders Street                 LOUISIANA DEPARTMENT OF JUSTICE

Helena, MT 59601
David.Dewhirst@mt.gov
Kathleen.Smithgall@mt.gov

*Counsel for the State of Montana*

MARK BRNOVICH
  Arizona Attorney General
Anthony R. Napolitano*
Robert J. Makar*
  Assistant Attorneys General
2005 North Central Avenue
Phoenix, AZ 85004
Anthony.Napolitano@azag.gov
Robert.Makar@azag.gov

*Counsel for the State of Arizona*

STATE OF ALABAMA
Office of the Attorney General Steve
Marshall
Edmund G. LaCour Jr.*
  Solicitor General
Thomas A. Wilson*
  Deputy Solicitor General
Office of the Attorney General
501 Washington Ave.
Montgomery, AL 36130
Tel.: (334) 353-2196
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov

*Counsel for the State of Alabama*

CHRISTOPHER M. CARR
Georgia Attorney General
Stephen J. Petrany
  Solicitor General
Drew F. Waldbeser*
  Deputy Solicitor General
Ross W. Bergethon
  Deputy Solicitor General
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
spetrany@law.ga.gov
dwaldbeser@law.ga.gov

1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
brungardm@ag.louisiana.gov

JIMMY R. FAIRCLOTH, JR. (La. #20645)
jfaircloth@fairclothlaw.com
MARY KATHERINE PRICE (La. #38576)
kprice@fairclothlaw.com
Faircloth Melton Sobel & Bash, LLC
105 Yorktown Drive
Alexandria, Louisiana 71303
Telephone: (318) 619-7755
Facsimile: (318) 619-7744

*Counsel for the State of Louisiana*

*Counsel for the State of Georgia*

LAWRENCE G. WASDEN
Idaho Attorney General
Brian Kane*
   Chief Deputy Attorney General
Leslie M. Hayes
Megan A. Larrondo
   Deputy Attorneys General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: 208-334-2400
Facsimile: 208-854-8071
brian.kane@ag.idaho.gov
leslie.hayes@ag.idaho.gov
megan.larrondo@ag.idaho.gov

*Counsel for the State of Idaho*

THEODORE M. ROKITA
Indiana Attorney General
Thomas M. Fisher
   Solicitor General
Indiana Government Center South 302 W.
Washington St., 5th Floor Indianapolis, IN
46204
Tom.fisher@atg.in.gov

*Counsel for the State of Indiana*

DANIEL CAMERON
Kentucky Attorney General
Marc Manley
   Assistant Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601
Marc.Manley@ky.gov

*Counsel for the Commonwealth of Kentucky*

LYNN FITCH
Attorney General of Mississippi
Whitney H. Lipscomb*
   Deputy Attorney General
John V. Coghlan*
   Deputy Solicitor General
State of Mississippi

Office of the Attorney General
550 High Street
Jackson, MS 39201
Tel: (601) 359-3680

*Counsel for the State of Mississippi*

DAVE YOST
Ohio Attorney General
May Davis*
   Deputy Solicitor General
615 W. Superior Ave., 11th Floor
Cleveland, OH 44113
May.Davis@OhioAGO.gov

*Counsel for the State of Ohio*

JOHN M. O'CONNOR
Attorney General of Oklahoma
Mithun Mansinghani*
   Solicitor General
313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921

*Counsel for the State of Oklahoma*

ALAN WILSON
South Carolina Attorney General
Thomas T. Hydrick
   Assistant Deputy Solicitor General
Office of the Attorney General
Post Office Box 11549
Columbia, SC 29211
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

SEAN D. REYES
Utah Attorney General
Melissa A. Holyoak*
   Solicitor General
350 N. State Street, Suite 230
Salt Lake City, UT 84114
melissaholyoak@agutah.gov

*Counsel for the State of Utah*

PATRICK MORRISEY
West Virginia Attorney General
Lindsay S. See
  Solicitor General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Lindsay.s.see@wvago.gov

*Counsel for the State of West Virginia*

*\* Pro Hac Vice Forthcoming*


## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I presented the above and foregoing for filing and uploading to the CM/ECF system which will send electronic notification of such filing to all counsel of record.

Dated: April 8, 2022             */s/ Elizabeth B. Murrill*
                                   Elizabeth B. Murrill
                                   Solicitor General