IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 3:21-CV-03970 ) |
| XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

This Court has recognized that the issues in the operative complaint "were ultimately resolved by the Supreme Court of the United States on January 13, 2022." Mem. Ruling at 1, ECF No. 59. In *Biden v. Missouri*, 142 S. Ct. 647 (2022) (per curiam), the Supreme Court expressly held that the vaccination rule at issue here is within the Secretary's statutory authority, and rejected Plaintiffs' claims that the vaccination rule is arbitrary and capricious, procedurally invalid, or contrary to law. As Defendants explained in their Memorandum in support of their Motion to Dismiss the First Amended Complaint, ECF No. 64-1, the Supreme Court implicitly resolved Plaintiffs' constitutional claims as well, and those claims in any event lack merit. Plaintiffs failed entirely to respond to any of these points in their opposition brief, and thus have waived any remaining argument in support of the validity of the First Amended Complaint. The First Amended Complaint accordingly should be dismissed for failure to state a claim.

*Plaintiffs' Statutory and Procedural Claims.* The First Amended Complaint incorporates the original Complaint to allege that the Secretary exceeded his statutory authority by issuing the rule (Count I); that the Secretary lacked good cause to issue the rule (Counts III and IV); that the rule is arbitrary and capricious (Count V); and that the Secretary violated 42 U.S.C. §§ 1302, 1395, or 1395z in issuing the rule (Counts II, VI, and VII). First Am. Compl., ECF No. 11; *see also* Compl., ECF No. 1. The Supreme Court expressly held to the contrary with respect to each of these claims. *Biden v. Missouri*, 142 S. Ct. at 653-54. That decision is binding here, and requires the dismissal of each of these counts. Plaintiffs do not attempt to argue otherwise in their opposition brief.

*Plaintiffs' Constitutional Claims.* The First Amended Complaint also alleges that the vaccination rule violates the Spending Clause insofar as Plaintiffs lacked adequate notice that such a condition would be placed on federal funding under the Medicare or Medicaid programs (Count VIII); that the rule violates the anti-commandeering principle (Count IX); and that the rule violates the Tenth Amendment by intruding on States' police powers over matters of public health (Count X). As Defendants explained in their motion to dismiss, the Supreme Court, by rejecting each of Plaintiffs' "remaining contentions," *Biden v. Missouri*, 142 S. Ct. at 653, implicitly decided these claims as well. This Court is bound by the Supreme Court's resolution of these claims in this very case. *See, e.g.*, *In re*

*Felt*, 255 F.3d 220, 225 (5th Cir. 2001) ("The law of the case doctrine applies not only to issues decided explicitly, but also to everything decided 'by necessary implication.'").

Defendants also demonstrated why the constitutional claims lacked merit. The Supreme Court's conclusion that the rule "is a straightforward and predictable example of the 'health and safety' regulations that Congress has authorized the Secretary to impose," *Biden v. Missouri*, 142 S. Ct. at 653, forecloses Plaintiffs' assertion that they lacked notice that a vaccination rule could be imposed as a condition on federal Medicare or Medicaid funding. Plaintiffs' Tenth Amendment claim is also foreclosed by Supreme Court precedent, because Congress has the authority to impose conditions on federal funds even when it legislates "in an area historically of state concern." *Sabri v. United States*, 541 U.S. 600, 608 n.\* (2004). And the anti-commandeering principle is not implicated at all where, as here, Congress has acted under the Spending Clause, or where federal conditions are imposed on equal terms on state governments and on private parties. *See New York v. United States*, 505 U.S. 144, 167, 173 (1992); *Murphy v. NCAA*, 138 S. Ct. 1461, 1478 (2018); *Brackeen v. Haaland*, 994 F.3d 249, 401-02, 410 (5th Cir. 2021) (en banc) (opinion of Duncan, J.), *cert. granted*, 142 S. Ct. 1205 (2022); *id.* at 298-99, 299 n.20 (opinion of Dennis, J.).

Plaintiffs do not respond at all to any of these points. They accordingly have waived their constitutional claims. *See Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 185 (5th Cir. 2018). "The Fifth Circuit makes it clear that when a party does not address any issue in his brief to the district court, that failure constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court." *Padgett v. Fieldwood Energy, LLC*, No. 6:18-cv-00632-TAD, 2020 WL 524868, at \*5 (W.D. La. Jan. 31, 2020) (internal quotation omitted). Plaintiffs' constitutional claims must be dismissed as well.

Plaintiffs instead assert that their anti-commandeering claim is not at issue in the pending appeal, and that their complaint sufficiently alleged that States operate hospitals. Response in Opp'n to Mot. to Dismiss ("Response") at 3-4, ECF No. 66. But these are non sequiturs. There is no dispute that States do, in fact, operate health care facilities; the point instead is that the vaccination rule regulates those hospitals and private facilities on equal terms, and that it does so pursuant to Spending

Clause authority. Under *New York*, *Murphy*, and *Brackeen*, this defeats the anti-commandeering claim as a matter of law. And whether or not the anti-commandeering claim is at issue in the pending appeal, Defendants have explained in briefing *in this Court* why this claim lacks merit, and Plaintiffs have failed entirely to respond to Defendants' arguments on this score.

*Plaintiffs' Proposed Amendments to the Complaint.* Rather than defending the First Amended Complaint, Plaintiffs refer to new allegations that they would assert if they were to be permitted to amend their complaint again. Response at 4. But the First Amended Complaint is the operative pleading in this case, and Plaintiffs' inability to defend this pleading requires the dismissal of this action.

In any event, Defendants have already explained why Plaintiffs' proposed challenge to the January 25, 2022 guidance document is futile. *See* Defs.' Mem. in Opp'n to Pls.' Mot. for Leave to File Second Am., Supp'l & Restated Compl. at 19-22, ECF No. 55. That memorandum merely sets forth "expectations" for state surveyors. Centers for Medicare & Medicaid Services ("CMS"), *Vaccination Expectations for Surveyors Performing Federal Oversight* (Jan. 25, 2022), ECF No. 55-1. That memorandum does not reserve to CMS any role in enforcing the agency's "expectations" or threaten any consequence to state survey agencies that act contrary to this recommendation. Instead, it makes clear that "certified providers and suppliers are not permitted to ask surveyors for proof of their vaccination status as a precondition for entry" and that "State Survey Agencies" alone "are ultimately responsible for compliance with this expectation." *Id.* at 3 (emphasis omitted). Under *California v. Texas*, 141 S. Ct. 2104, 2114 (2021), Plaintiffs lack standing to challenge that memorandum because they "have not pointed to any way in which the defendants … will act to enforce" it. Likewise, the memorandum is not final agency action because it is not an action from which "legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997).

Plaintiffs briefly advert to a second agency memorandum, but they do not explain their objection to it. That memorandum simply reminds state survey agencies that a state survey agency agreement is a contract, and that CMS pays these agencies for their performance of their end of the bargain, which includes the survey of health care providers for their compliance with Medicare and

3

Medicaid conditions of participation. CMS, *State Obligations to Survey to the Entirety of Medicare and Medicaid Health and Safety Requirements under the 1864 Agreement* (Feb. 9, 2022), https://go.cms.gov/34PVy24. If a state agency does not fulfill this agreement, CMS reserves the right to reduce its payments for survey activities by an amount "commensurate with the impact of the State actions and the federal resources needed to provide appropriate oversight of providers and suppliers." *Id.* at 2. That statement reflects the unremarkable proposition that a contracting party is not obligated to make payment for work that is not performed. There is no basis at this juncture to adjudicate any hypothetical dispute arising out of the state survey agency agreement. If a state survey agency refuses to conduct survey activities, and if CMS reduces the payment to that agency as a result, the state survey agency would be able to challenge the payment reduction at that time.

For the foregoing reasons, the First Amended Complaint should be dismissed.

Dated: April 29, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director
Federal Programs Branch

*/s/ Joel McElvain*
JOEL McELVAIN
Bar No. 448431(DC)
Senior Trial Counsel

JULIE STRAUS HARRIS
Bar No. 1021298(DC)
Senior Trial Counsel

JONATHAN D. KOSSAK
Bar No. 991478(DC)
Trial Attorney

MICHAEL L. DREZNER
Bar No. 83836(VA)
Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 616-8298
Fax: (202) 616-8470
Email: Joel.L.McElvain@usdoj.gov

*Attorneys for Defendants*