# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

June 14, 2022

Mr. Tony R. Moore
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

  No. 21-30734  State of Louisiana v. Becerra
          USDC No. 3:21-CV-3970

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

             Sincerely,

             LYLE W. CAYCE, Clerk

             *Dantrell Johnson*

             By: _____
             Dantrell L. Johnson, Deputy Clerk
             504-310-7689

cc:
  Mr. Drew C. Ensign
  Mr. Jimmy Roy Faircloth, Jr.
  Mr. Andrew N. Ferguson
  Mr. Thomas Molnar Fisher
  Mr. Clark Lassiter Hildabrand
  Mr. Thomas T. Hydrick
  Ms. Alisa Beth Klein
  Mr. Matthew F. Kuhn
  Mr. Mithun Mansinghani
  Mr. Joel McElvain
  Ms. Elizabeth Baker Murrill
  Ms. Laura Myron
  Ms. Mary Katherine Price
  Ms. Lindsay Sara See
  Mr. Brandon James Smith
  Mr. Joseph Scott St. John

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 13, 2022
Lyle W. Cayce
Clerk

No. 21-30734

---

STATE OF LOUISIANA; STATE OF MONTANA; STATE OF ARIZONA; STATE OF ALABAMA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF INDIANA; STATE OF MISSISSIPPI; STATE OF OKLAHOMA; STATE OF SOUTH CAROLINA; STATE OF UTAH; STATE OF WEST VIRGINIA; COMMONWEALTH OF KENTUCKY; STATE OF OHIO,

*Plaintiffs—Appellees*,

*versus*

XAVIER BECERRA, *Secretary, U.S. Department of Health and Human Services*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE; CENTERS FOR MEDICARE AND MEDICAID SERVICES,

*Defendants—Appellants*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CV-3970

---

Before JOLLY, ELROD, and HAYNES, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

No. 21-30734

IT IS ORDERED and ADJUDGED that the judgment of the District Court is VACATED, and the cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

Certified as a true copy and issued as the mandate on **Jun 14, 2022**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 13, 2022
Lyle W. Cayce
Clerk

No. 21-30734

STATE OF LOUISIANA; STATE OF MONTANA; STATE OF ARIZONA; STATE OF ALABAMA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF INDIANA; STATE OF MISSISSIPPI; STATE OF OKLAHOMA; STATE OF SOUTH CAROLINA; STATE OF UTAH; STATE OF WEST VIRGINIA; COMMONWEALTH OF KENTUCKY; STATE OF OHIO,

*Plaintiffs—Appellees*,

*versus*

XAVIER BECERRA, *Secretary, U.S. Department of Health and Human Services*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE; CENTERS FOR MEDICARE AND MEDICAID SERVICES,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC 3:21-CV-3970

Before JOLLY, ELROD, and HAYNES, *Circuit Judges*.

No. 21-30734

Per Curiam:[*]

In November 2021, the Secretary of Health and Human Services issued an interim final rule which required that, in order to receive Medicare or Medicaid funding, participating facilities must ensure that their employees are vaccinated against COVID-19. *See* 86 Fed. Reg. 61555 (2021). States across the country sued to challenge the rule. A district court in Missouri preliminarily enjoined enforcement of the rule as applied to the plaintiff-states in that case. *Missouri v. Biden*, --- F. Supp. 3d ---, 2021 WL 5564501, at *15 (E.D. Mo. Nov. 29, 2021). The next day, the district court in this case did the same for every other state, effectively enjoining enforcement of the rule nationwide. *Louisiana v. Becerra*, --- F. Supp. 3d ---, 2021 WL 5609846, at *17 (W.D. La. Nov. 30, 2021). A panel of this court partially granted a stay of that injunction as to the non-party states, but denied a stay as to the fourteen plaintiff-states. *Louisiana v. Becerra*, 20 F.4th 260, 264 (5th Cir. 2021). The Supreme Court later stayed both injunctions in their entirety and remanded the case back to this court. *Biden v. Missouri*, 142 S. Ct. 647, 654–55 (2022).

Although this court had not responded to the Supreme Court's remand, Louisiana, joined by the remainder of the plaintiff-states, moved in the district court for leave to amend its complaint. Because our court had jurisdiction over the case, the district court denied that motion and issued an indicative ruling noting that it would grant the motion for leave to amend. Louisiana then moved in our court for a limited remand so the district court could grant leave to amend the complaint and to allow those new claims to be litigated in the district court. The motions panel denied that

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

2

motion, allowing the merits panel to resolve the remand issue and the propriety of the district court's preliminary injunction.

We have jurisdiction to decide only whether the district court erred in granting the earlier preliminary injunction that the Supreme Court has now stayed and remanded. *See* 28 U.S.C. § 1292(a)(1). The parties now agree that the preliminary injunction should be vacated. Accordingly, we VACATE the district court's preliminary injunction and REMAND this case to the district court for further consideration in the light of the Supreme Court opinion. In addition, we VACATE the motions panel's order denying the motion to remand as MOOT. Finally, we express no opinion on whether the district court should grant or deny leave to amend the complaint or on the propriety of Louisiana's other claims.

VACATED and REMANDED.