## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, by and through its Attorney General, JEFF LANDRY, *et al.*, <br><br> Plaintiffs, <br><br> *v.* <br><br> XAVIER BECERRA, in his official capacity as Secretary of the Department of Health and Human Services, *et al.*, <br><br> Defendants. | Civil Action No. 3:21-cv-03970 <br><br><br> District Judge Terry A. Doughty <br><br><br><br> Magistrate Judge Kayla D. McClusky |

### PLAINTIFFS' RULE 72(B) OBJECTIONS TO THE
### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court should not adopt the recommendation of the magistrate. Even though the grant of a stay isn't a decision on the merits, the magistrate judge concluded that the Supreme Court's stay order was, in fact, a decision on the merits. The magistrate also concluded that the Supreme Court's stay order doubled as a clandestine rejection of the States' unadjudicated constitutional claims. Even if the Supreme Court silently rejected the States' constitutional claims, recent changes in the law revive at least some of the States' claims. The States, therefore, object to the magistrate judge's recommendation to dismiss the First Amended Complaint with prejudice.

### BACKGROUND

On November 30, 2021, this Court issued a nationwide preliminary injunction against the CMS Interim Final Rule ("IFR"). Order, Dkt. 28, at PageID# 664–65. This Court found that the States were likely to prevail on each of their statutory claims: Defendants (i) failed to comply with the notice-and-comment procedures in 5 U.S.C. § 553 and did not meet the requirements for the good cause exception, (ii) exceeded their statutory authority, (iii) violated additional provisions

in the Social Security Act; and (iv) failed to engage in reasoned decisionmaking, rendering the IFR arbitrary and capricious under 5 U.S.C. § 706(2)(A). *See id.* at PageID#645–59. This Court also found that the States were likely to prevail on many of their constitutional claims, including the Tenth Amendment and non-delegation doctrine claims. *See id.* at PageID# 659–61. But it was unable to determine, at that early stage, whether the States were likely to prevail on anti-commandeering and Spending Clause claims. *See id.* at PageID# 659–61. In the preliminary injunction order, this Court excepted the ten states covered by the preliminary injunction issued by the Eastern District of Missouri ("*Missouri* Injunction"). *See id.* at PageID# 664–65.

Defendants filed a notice of appeal the next day, *see* Notice of Appeal, Dkt. 39, along with a motion to stay the nationwide injunction. Two weeks later, the Fifth Circuit denied a request for stay of the preliminary injunction, but it narrowed the scope of the injunction to the original fourteen Plaintiff States. *See Louisiana v. Becerra*, 20 F.4th 260, 264 (5th Cir. 2021).

On January 13, 2022, in a closely divided opinion, the Supreme Court stayed both injunctions pending disposition of Defendants' appeal on remand. *See Biden v. Missouri*, 142 S. Ct. 647, 651 (2022). The Supreme Court generally found "good cause" for the "Secretary to issue[] the rule as an interim final rule, rather than through the typical notice-and-comment procedures" based on the circumstances posed by the "spread of the Delta variant and the upcoming winter season" as urged by the Secretary. *See id.* at 651, 654. It also found that the hodgepodge of facility-specific statutes in the Social Security Act granted CMS authority to issue health and safety regulations, including the IFR. *See id.* at 652–53. The Court briefly addressed the States remaining statutory claims, but it ignored their constitutional claims. *See id.* at 653–54.

Six months later, in June 2022, the Fifth Circuit vacated the now-stale preliminary injunction and remanded to this Court "for further consideration in the light of the Supreme Court opinion." *Louisiana v. Becerra*, --- F.4th ---, 2022 WL 2116002 (5th Cir. June 13, 2022).

Relying on law-of-the-case principles, the magistrate judge found that the Supreme Court had decided, either expressly or by necessary implication, nearly all of the States' claims. Report and Recommendation ("R&R"), Dkt. 91 at PageID# 1035–36 ("In short, with the likely exception of the anti-commandeering claim, the Supreme Court either expressly or tacitly rejected all of the States['] claims. Thus, these issues have been rejected by a higher court and represent the law of the case, which is binding on this lower court."). The magistrate judge also found that States failed to state a plausible anti-commandeering claim because "the CMS Mandate does not force the state surveyors to do anything they are not already doing." *Id.* at PageID# 1038; *see also id.* at PageID# 1036–38. The magistrate thus recommended that CMS's motion to dismiss be granted and that the States' first amended complaint be dismissed with prejudice.

## STANDARD OF REVIEW

After being served with a magistrate judge's recommended disposition, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Any part of that recommendation that "is properly objected to" must be reviewed de novo, Fed. R. Civ. P. 72(b)(3), and the judge "may accept, reject, or modify, in whole or in part, the [magistrate judge's] findings or recommendations," 28 U.S.C. § 636(b)(1).

## ARGUMENT

**I.   THE MAGISTRATE ERRED IN CONCLUDING THAT THE LAW-OF-THE-CASE DOCTRINE REQUIRES DISMISSAL OF ALL THE STATES' CLAIMS.**

Law-of-the-case principles foreclose lower courts from "relitigat[ing] issues [that were] expressly or impliedly decided by the appellate court." *Gen. Universal Sys. v. HAL Inc.*, 500 F.3d

3

444, 453 (5th Cir. 2007) (quoting *United States v. Castillo*, 179 F.3d 321, 329 (5th Cir. 1999)). As to decisions of law, those principles extend to an interlocutory appeal from the denial of a preliminary injunction. *See Royal Ins. Co. v. Quinn-L Cap. Corp.*, 3 F.3d 877, 880–81 (5th Cir. 1993). But factual determinations at this stage "often will not establish law of the case." *Id.* Further, law-of-the-case principles don't apply when "controlling authority has since made a contrary decision of the law applicable to such issues." *Id.* at 880 (quoting *N. Miss. Commc'ns v. Jones*, 951 F.2d 652, 656 (5th Cir. 1992)). And the granting of a stay is not a decision on the merits. *See Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring); *Nken v. Holder*, 556 U.S. 418, 432 (2009).

**A. The Supreme Court's stay order was silent on the States' constitutional claims.**

The magistrate judge found that the Supreme Court's decision to grant the stay necessarily resolved the States' Tenth Amendment, Spending Clause, and nondelegation claims. As a result, she concluded that this Court is bound by those rulings under the law-of-the-case doctrine. *See* R&R, Dkt. 91, at PageID# 1035–36. The magistrate judge morphed the Supreme Court's silence into legal resolutions of each of those claims. But that isn't necessarily the case. The Supreme Court could have found that there wasn't sufficient evidence to warrant granting a stay based on those claims. This Court even recognized in its decision granting the preliminary injunction that the evidence on some of the constitutional issues was unclear. *See* Order, Dkt. 28 at PageID# 660–62; *see also Quinn-L*, 3 F.3d at 881 (explaining that factual conclusions at the preliminary injunction stage "normally will not establish law of the case"). And courts must deny motions to dismiss well-pleaded complaints, even if it appears that proof of the asserted facts is unlikely and recovery improbable. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). This Court cannot infer "by necessary implication" from the Supreme Court's silence that it resolved, as a

matter of law, the States' constitutional claims. *In re Felt*, 255 F.3d 220, 225 (5th Cir. 2001) (citation omitted). So this Court should reject the magistrate judge's recommendation to dismiss these constitutional claims.

### B. Changes in the law undermine the Court's decision on the statutory claims.

The law-of-case-doctrine doesn't apply when "controlling authority has since made a contrary decision of the law applicable to such issues." *Quinn-L*, at 880 (quoting *N. Miss. Commc'ns*, 951 F.2d 652, 656). There has been a doctrinal sea change. Six months after the Supreme Court's decision in *Biden*, it endorsed the "major questions doctrine" in *West Virginia v. EPA*, 142 S. Ct. 2587 (2022). And *West Virginia* shakes the foundation of CMS's purported statutory authority.

The major questions doctrine, which is grounded in Article I's vesting clause, *see* U.S. Const. art. I, § 1 ("All legislative Powers herein granted shall be vested in a Congress of the United States," *not* in the Federal Executive), requires that "important subjects … must be entirely regulated by the legislature itself," even if the Executive may "act under such general provisions to fill up the details" *see Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 43 (1825). It recognizes that courts "presume that Congress intends to make major policy decisions itself, not leave those decisions to agencies." *West Virginia*, 142 S. Ct. at 2609 (citation and internal quotation marks omitted). When an agency claims authority to resolve a question of substantial economic, social, or political importance, it "must point to 'clear congressional authorization' for the power it claims." *Id.* (quoting *Utility Air Regul. Grp. v. EPA*, 573 U.S. 302, 324 (2014)).

Even though *Biden* found that "the Secretary's rule falls within the authorities that Congress conferred upon him," *Biden*, 142 S. Ct. at 652, the Court's more recent decision in *West Virginia* calls that conclusion into doubt. Indeed, CMS does not point to clear statutory authorization and instead collects a hodgepodge of different statutes to support its claimed

authority. *See West Virginia*, 142 S. Ct. at 2609 ("[S]omething more than a plausible textual basis for the agency action is necessary"). And in the face of such ambiguity, courts must "construe statutes 'to avoid not only the conclusion that they are unconstitutional, but also grave doubts upon that score.'" *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1622 (2021) (cleaned up) (quoting *United States v. Jin Fuey Moy*, 241 U.S. 394, 401 (1916)); *see also United States v. Hamilton*, 46 F.4th 389, 398 n.3 (5th Cir. 2022) (declining to reach constitutional issues when an alternative construction avoids them). So the States' claim—that CMS exceed its statutory authority—is live, and this Court should reject the magistrate judge's recommendation to dismiss that claim.[1]

## CONCLUSION

For these reasons, this Court should reject the magistrate judge's R&R.

Dated: November 17, 2022

Respectfully submitted,

By: */s/Elizabeth Murrill*

| | |
|---|---|
| AUSTIN KNUDSEN<br>Montana Attorney General<br>Kathleen L. Smithgall<br>  Assistant Solicitor General<br>215 North Sanders Street<br>Helena, MT 59601<br>Kathleen.Smithgall@mt.gov<br><br>*Counsel for the State of Montana* | ELIZABETH B. MURRILL (La #20685)<br>  Solicitor General<br>J. SCOTT ST. JOHN (La #36682)<br>  Deputy Solicitor General<br>MORGAN BRUNGARD*<br>LOUISIANA DEPARTMENT OF JUSTICE<br>1885 N. Third Street<br>Baton Rouge, Louisiana 70804<br>Tel: (225) 326-6766<br>murrille@ag.louisiana.gov<br>stjohnj@ag.louisiana.gov<br>brungardm@ag.louisiana.gov |

---

[1] The States also maintain that CMS failed to comply with the consultation requirement in 42 U.S.C. § 1395z. But CMS did not initially comply with this requirement because it intended to do so after the issuance of the IFR. But the post-promulgation comment date ended on January 4, 2022, *see Medicare and Medicaid Programs; Omnibus COVID-19 Heath Care Staff Vaccinations*, 86 Fed. Reg. 61555, 61601 (Nov. 5, 2021), without any attempt from CMS to consult the States about the IFR or the binding guidance documents it issued after January 14, 2022.

MARK BRNOVICH
  Arizona Attorney General
Anthony R. Napolitano*
Robert J. Makar*
  Assistant Attorneys General
2005 North Central Avenue
Phoenix, AZ 85004
ACL@azag.gov

*Counsel for the State of Arizona*

STATE OF ALABAMA
Office of the Attorney General Steve Marshall
Edmund G. LaCour Jr.*
 Solicitor General
Thomas A. Wilson*
 Deputy Solicitor General
Office of the Attorney General
501 Washington Ave.
Montgomery, AL 36130
Tel.: (334) 353-2196
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov

*Counsel for the State of Alabama*

CHRISTOPHER M. CARR
Georgia Attorney General
Stephen J. Petrany
  Solicitor General
Drew F. Waldbeser*
  Deputy Solicitor General
Ross W. Bergethon
  Deputy Solicitor General
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
spetrany@law.ga.gov
dwaldbeser@law.ga.gov

*Counsel for the State of Georgia*

JIMMY R. FAIRCLOTH, JR. (La. #20645)
jfaircloth@fairclothlaw.com
MARY KATHERINE PRICE (La. #38576)
kprice@fairclothlaw.com
Faircloth Melton Sobel & Bash, LLC
105 Yorktown Drive
Alexandria, Louisiana 71303
Telephone: (318) 619-7755
Facsimile: (318) 619-7744

*Counsel for the State of Louisiana*

JOHN M. O'CONNOR
Attorney General of Oklahoma
Mithun Mansinghani*
 Solicitor General
313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921

*Counsel for the State of Oklahoma*

ALAN WILSON
South Carolina Attorney General
Thomas T. Hydrick
  Assistant Deputy Solicitor General
Office of the Attorney General
Post Office Box 11549
Columbia, SC 29211
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

LAWRENCE G. WASDEN
Idaho Attorney General
Brian Kane*
  Chief Deputy Attorney General
Leslie M. Hayes
Megan A. Larrondo
  Deputy Attorneys General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: 208-334-2400
Facsimile: 208-854-8071
brian.kane@ag.idaho.gov
leslie.hayes@ag.idaho.gov
megan.larrondo@ag.idaho.gov

*Counsel for the State of Idaho*

THEODORE M. ROKITA
Indiana Attorney General
Thomas M. Fisher
  Solicitor General
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
Tom.fisher@atg.in.gov

*Counsel for the State of Indiana*

DANIEL CAMERON
Kentucky Attorney General
Marc Manley
  Assistant Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601
Marc.Manley@ky.gov

*Counsel for the Commonwealth of Kentucky*

JONATHAN SKRMETTI
  Attorney General and Reporter of Tennessee
ANDRÉE S. BLUMSTEIN
  Solicitor General
BRANDON J. SMITH*
  Chief of Staff
CLARK L. HILDABRAND*
  Assistant Solicitor General
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 253-5642
Clark.Hildabrand@ag.tn.gov
Brandon.Smith@ag.tn.gov

*Counsel for the State of Tennessee*

SEAN D. REYES
Utah Attorney General
Melissa A. Holyoak*
  Solicitor General
350 N. State Street, Suite 230
Salt Lake City, UT 84114
melissaholyoak@agutah.gov

*Counsel for the State of Utah*

JASON S. MIYARES
  Attorney General of Virginia
Andrew N. Ferguson*
  Solicitor General
Coke Morgan Stewart
  Deputy Attorney General
Lucas W.E. Croslow*
  Deputy Solicitor General
Office of the Attorney General of Virginia
Richmond, VA 23219
(814) 786-7704
AFerguson@oag.state.va.us
LCroslow@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

LYNN FITCH
Attorney General of Mississippi
Whitney H. Lipscomb*
  Deputy Attorney General
John V. Coghlan*
  Deputy Solicitor General
State of Mississippi
Office of the Attorney General
550 High Street
Jackson, MS 39201
Tel: (601) 359-3680

*Counsel for the State of Mississippi*

DAVE YOST
Ohio Attorney General
May Davis*
  Deputy Solicitor General
615 W. Superior Ave., 11th Floor
Cleveland, OH 44113
May.Davis@OhioAGO.gov

*Counsel for the State of Ohio*

PATRICK MORRISEY
West Virginia Attorney General
Lindsay S. See
  Solicitor General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Lindsay.s.see@wvago.gov

*Counsel for the State of West Virginia*

*\* Pro Hac Vice or Forthcoming*