IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, *et al.*,      ) | |
| ) | |
| Plaintiffs,      ) | |
| ) | |
| v.      ) | Civil Action No. 3:21-CV-03970 |
| ) | |
| XAVIER BECERRA, in his official capacity ) | |
| as Secretary of the United States Department ) | |
| of Health and Human Services, *et al.*,   ) | |
| ) | |
| Defendants.      ) | |
| ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## INTRODUCTION

This Court should adopt the recommendations of the Magistrate Judge and dismiss the First Amended Complaint with prejudice. The Magistrate Judge correctly determined that the Supreme Court rejected, either explicitly or implicitly, all claims in the First Amended Complaint, with the exception of an anti-commandeering claim that the Magistrate Judge determined fails to state a viable claim. In response, Plaintiff States muster only two arguments, which were never articulated to the Magistrate Judge and thus may not be brought now. Even if this Court were to entertain Plaintiffs' objections, they do not undermine the considered recommendation of the Magistrate Judge. Plaintiffs cannot show that their constitutional claims remain live, as they were fully briefed to the Supreme Court and the Court expressed its clear "disagree[ment] with respondents' remaining contentions in support of the injunctions entered below." *Biden v. Missouri*, 142 S. Ct. 647, 653 (2022) (per curiam). Nor are Plaintiffs correct that *West Virginia v. EPA*, 142 S. Ct. 2587 (2022), worked a "sea change" in the law, and somehow overturned the *Biden v. Missouri* opinion that the Supreme Court had issued just a few months earlier. This Court should reject Plaintiffs' abbreviated arguments and accept the Magistrate Judge's recommendation to dismiss the First Amended Complaint with prejudice.

## BACKGROUND

This Court is familiar with the history of this litigation and as a result Defendants set forth only the background directly relevant to the instant dispute.

On November 5, 2021, CMS published the interim final rule ("IFR") at issue here, which required various categories of Medicare and Medicaid providers and suppliers to develop and implement plans and policies to "ensure staff are fully vaccinated for COVID-19, unless exempt, because vaccination of staff is necessary for the health and safety of individuals to whom care and services are furnished." *Medicare and Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination*, 86 Fed. Reg. 61,555, 61,561 (Nov. 5, 2021). On November 15, 2021, Plaintiffs—an initial group of 12

States led by Louisiana—brought this action. Compl., ECF No. 1. Plaintiffs filed their motion for a preliminary injunction the same day, ECF No. 2, and a week later amended their original complaint to add Kentucky and Ohio as Plaintiffs. First Am. Compl., ECF No. 11. This Court preliminarily enjoined enforcement of the rule on November 30, 2021, because, among other reasons, Plaintiffs were likely to succeed on the merits of their claims that the Secretary lacked statutory authority to issue the rule, and the relevant statute would raise constitutional problems if it was construed to authorize the rule. Mem. Ruling, ECF No. 28; Order, ECF No. 29.

Defendants subsequently filed applications in the Supreme Court for stays of both the preliminary injunction in this case and the preliminary injunction issued by the Eastern District of Missouri. The Supreme Court granted the stay applications on January 13, 2022. *See Biden v. Missouri*, 142 S. Ct. 647.

Following the Supreme Court's decision, the plaintiffs in parallel litigation voluntarily dismissed their challenges to the interim final rule. *See* Pls.' Mot. for Dismissal, *Texas v. Becerra*, No. 2:21-cv-00229-Z, ECF No. 63 (N.D. Tex. Jan. 18, 2022); Notice of Dismissal, at 1, *Florida v. U.S. Dep't of Health & Human Servs.*, No. 3:21-cv-02722-MCR-HTC, ECF No. 26 (N.D. Fla. Feb. 4, 2022).

Plaintiffs sought leave to file a second amended complaint. Mot. & Mem. in Supp. of Mot. for Leave to File Second Am., Suppl., & Restated Compl., ECF No. 51. This Court denied Plaintiffs' motion, concluding that it lacked jurisdiction to permit the filing while the government's appeal was pending before the Fifth Circuit. Mem. Ruling, ECF No. 59. In that order, this Court ruled that "[t]he issues in the previous Complaint [Doc. No. 1] were ultimately resolved by the Supreme Court of the United States on January 13, 2022. *Biden v. Missouri*, 142 S. Ct. 647 (2022)." *Id.* at 1. (As noted above, the currently operative complaint is the First Amended Complaint, which incorporates the original Complaint and adds two States as Plaintiffs.) This Court issued an indicative ruling, stating that it would permit the filing of a second amended complaint, but only for the purposes of permitting

Plaintiffs to plead an anti-commandeering challenge to the vaccine rule and to challenge a separate guidance document that CMS has provided for state survey agencies. *Id.* at 5. Plaintiffs sought a remand from the Fifth Circuit for that purpose. The Fifth Circuit denied the motion for a remand. *See* Appeal Remark, ECF No. 61.

Defendants moved to dismiss the First Amended Complaint in March 2022, Defs.' Mot., ECF No. 64, and Plaintiffs opposed with just four pages of argument, asserting that their anti-commandeering claim remained live, and that they "wish[ed] to bring" additional claims through a further amended complaint following remand from the Fifth Circuit.  ECF No. 66 at 4.  After briefing on the motion to dismiss was completed, the Fifth Circuit remanded the case on June 13, 2022, "for further consideration in the light of the Supreme Court opinion." *Louisiana v. Becerra*, No. 21-30734, 2022 WL 2116002, at *1 (5th Cir. June 13, 2022) (per curiam).

The Court held a conference call with the parties shortly thereafter, on June 29, 2022, in which Plaintiff States stated their intent to file a motion to amend the complaint within 10 days. ECF No. 86. Plaintiff States never filed such a motion. Then, on November 3, 2022, the Magistrate Judge issued the Report and Recommendation ("R&R"), recommending that the First Amended Complaint be dismissed with prejudice. ECF No. 91 at 13. Plaintiff States filed their objections to the R&R on November 17, 2022. Pls.' Objs., ECF No. 92.

## ARGUMENT

### I.  Plaintiff States Do Not Object to the Majority of the Report and Recommendation

Plaintiff States make no argument concerning the overwhelming majority of the R&R, significantly narrowing the dispute before this Court.

Specifically, Plaintiff States take no issue with the R&R's conclusion that the Supreme Court "explicitly *addressed* all of the bases argued in support of the motion for preliminary injunction except for the constitutional claims." ECF No. 91 at 10 (emphasis in original). Plaintiff States accordingly do

not dispute that the Supreme Court ruled on every one of their statutory and regulatory claims, and "either explicitly or tacitly rejected" all such claims. *Id.* at 10-11. Nor do Plaintiff States object to the recommendation to dismiss their anti-commandeering claim for "fail[ure] to state a viable claim for relief." *Id.* at 11; *see id.* 11-13. Finally, Plaintiff States do not dispute that, "despite assurances that they would do so," Plaintiffs have declined to amend the complaint "for more than four months," such that "the unexplained delay has become undue, and any amendment is simply too late." *Id.* at 13. As Plaintiffs have declined to raise any objection to these recommendations, they should be adopted by this Court for the reasons stated in the R&R and in Defendants' motion to dismiss. *See, e.g.*, *Bardales v. Fontana & Fontana, LLC*, No. 19-340-WBV-DMD, 2021 WL 2328382, at *2 (E.D. La. June 8, 2021) (explaining that a district court reviews only for clear error all portions of a report and recommendation to which no objection is made).

## II.     The Supreme Court Rejected Plaintiffs' Constitutional Claims by Necessary Implication

Plaintiffs only raise two objections to the R&R. As to these objections, the Court reviews the relevant portions of the R&R *de novo*. *See, e.g.*, *Bardales*, 2021 WL 2328382, at *2.

First, Plaintiffs contend that the Supreme Court may not have "necessarily" rejected their constitutional claims, and that the Magistrate Judge erred in concluding otherwise. Pls.' Objs. at 4. However, because Plaintiffs failed to raise this argument in their opposition to Defendants' Motion to Dismiss, the argument is waived. *See, e.g.*, *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 185 (5th Cir. 2018) (holding that a party waives an argument when it fails to argue it to the district court in the first instance, noting that "we generally do 'not consider an issue or a new argument raised for the first time in a motion for reconsideration in the district court'" (quoting *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425 (5th Cir. 2014), *as revised* (Sept. 2, 2014)); *Padgett v. Fieldwood Energy, LLC*, No. 6:18-cv-00632-TAD, 2020 WL 524868, at *5 (W.D. La. Jan. 31, 2020) ("The Fifth Circuit makes it clear that when a party does not address any issue in his brief to the district court, that failure

constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court.") (internal quotation omitted)); *see also Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994); *Lopez v. Kendall*, No. Sa-21-ca-646-fb, 2022 WL 1601327, at *3 (W.D. Tex. Apr. 21, 2022) ("While a party is entitled to *de novo* review before the District Court upon filing objections to the Report and Recommendation of the United States Magistrate Judge, this does not entitle him to raise issues which were not previously presented to the Magistrate Judge"), *appeal filed*, No. 22-50411 (5th Cir. May 20, 2022).

Defendants' Motion to Dismiss explained in detail that the Supreme Court had "effectively foreclose[d] Plaintiffs' constitutional claims." Defs.' Mem. at 7, ECF No. 64-1. Defendants also explained why each of Plaintiffs' constitutional claims lacks merit. *Id.* at 6-8. In Plaintiffs' opposition, however, they largely ignored Defendants' arguments as to the majority of Plaintiffs' constitutional claims, asserting only that their "anti-commandeering claims . . . are proper and live before this Court." Pls.' Resp. at 3, ECF No. 66. For this reason, Plaintiffs waived any and all arguments about their constitutional claims other than the anti-commandeering claim. Defs.' Reply at 2, ECF No. 69 (citing *Davidson*, 882 F.3d at 185, and *Padgett*, 2020 WL 524868, at *5). And Plaintiffs cannot raise these arguments for the first time in their objections to the R&R. *See Cupit*, 28 F.3d at 535 & n.5; *Lopez*, 2022 WL 1601327, at *3.[1]

Regardless, even if Plaintiffs had preserved these arguments as to their constitutional claims, they are meritless. As the Magistrate Judge explained, "the State Governments argued in their brief to

---

[1] The R&R's recommendation that Plaintiffs' anti-commandeering claim should be dismissed was based on the Magistrate Judge's "find[ing] that . . . the State Governments fail to state a viable claim for relief," not on the fact that the claim was implicitly decided by the Supreme Court in *Biden*. ECF No. 91 at 11-13. But as noted above, Plaintiffs do not object to the Magistrate Judge's conclusion that their anti-commandeering claim lacks merit. Nor could they, because in prior briefing on Defendants' motion to dismiss, Plaintiffs did not respond to Defendants' substantive arguments that this claim lacked merit or make any substantive arguments of their own in support of this claim. *See* Pls.' Resp. at 3-5. Thus, they have abandoned that claim.

the Supreme Court that the rule violated the Spending Clause, the Tenth Amendment, the non-delegation doctrine, and constitutionally intruded on the States' police powers." ECF No. 91 at 10 (citing Resp. to Appl. for a Stay Pending Appeal, *Becerra v. Louisiana*, Nos. 21A240, 21A241, 2021 WL 8939385 (U.S. Dec. 30, 2021)). There can be no plausible dispute that the constitutional claims were "part of the record and presented to the Supreme Court for its consideration." *Id.* At the very least then, the Supreme Court implicitly rejected these claims in expressing its "disagree[ment] with respondents' remaining contentions in support of the injunctions entered below." *Biden*, 142 S. Ct. at 653. Instead of locating any constitutional problems, the Supreme Court held that the vaccine rule is a "straightforward and predictable example of the 'health and safety' regulations that Congress has authorized the Secretary to impose," *id.*, and that "the Secretary's rule falls within the authorities that Congress has conferred upon him." *Id.* at 652. Plaintiffs concede that "[l]aw-of-the-case principles foreclose lower courts from 'relitigat[ing] issues [that were] expressly or impliedly decided by the appellate court,'" including legal issues decided on "interlocutory appeal from the denial of a preliminary injunction." Pls.' Objs. at 3-4 (citation omitted) (citing cases). Thus, even if Plaintiffs could now try to revive their waived constitutional claims – and they cannot – their belated effort fails.

## III.    The Law of this Case Remains Binding

Plaintiffs' only other objection to the R&R is even farther afield. While conceding that the Supreme Court rejected their administrative and statutory claims in this matter, Plaintiffs assert that "[t]here has been a doctrinal sea change," which effectively overturned the decision in *Biden*. Pls.' Objs. at 5. Specifically, Plaintiffs assert that in *West Virginia v. Environmental Protection Agency*, 142 S. Ct. 2587 (2022) the Supreme Court "endorsed the 'major questions doctrine'" for the first time. Pls.' Objs. at 5. Plaintiffs argue that because that doctrine purportedly undermines *Biden*, the Supreme Court's decision in this very case may now be ignored. This argument is both improperly raised and lacking in support.

Like their first objection, Plaintiffs failed to raise this argument before the Magistrate Judge as well, and as a result it may not be considered at this stage. While *West Virginia* was decided after Plaintiffs filed their opposition to Defendants' Motion to Dismiss, Plaintiffs made no effort to raise the decision or any corresponding argument in a notice of supplemental authority or otherwise for over four months thereafter, while Defendants' Motion remained pending. Plaintiffs may not now raise this argument for the first time, having failed to provide any notice to the Magistrate Judge of their contention that it is somehow relevant here in the first instance. *See, e.g., Stovall v. Astrue*, No. 3:09CV614-DPJ-FKB, 2012 WL 1067671, at *2 (S.D. Miss. Mar. 29, 2012) ("Because she failed to raise this argument before the Report and Recommendation, it is waived.").

In any event, Plaintiffs are wrong to suggest that *West Virginia* worked a "doctrinal sea change" in administrative law, let alone that this shift effectively overruled *Biden*. The Court in *West Virginia* in fact took pains to note that the "major questions doctrine" was not a new mode of analysis, but rather "refers to an identifiable body of law that has developed over a series of significant cases all addressing a particular and recurring problem . . . ." 142 S. Ct. at 2609; *see also id.* at 2608 ("[O]ur precedent teaches that there are 'extraordinary cases' that call for a different approach . . . [that] provide 'a reason to hesitate before concluding that Congress' meant to confer such authority") (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 159-60 (2000)). The Court explained that "[s]uch cases have arisen from all corners of the administrative state," *id.*, ranging from tobacco regulation in *Brown & Williamson*, 529 U.S. 120, to *Alabama Ass'n of Realtors v. Department of Health & Human Services*, 141 S. Ct. 2485 (2021) (per curiam), which rejected the CDC's assertion of authority to issue a nationwide eviction moratorium to curb the spread of COVID-19. *See West Virginia*, 142 S. Ct. at 2608; *see also id.* at 2619 (Alito, J., concurring) (agreeing that previously, "this Court applied the major questions doctrine in 'all corners of the administrative state'") (citation omitted). In sum, the Supreme Court in

*West Virginia* itself squarely rejected the notion that the major questions doctrine constituted a "sea change" in the law.

Indeed, in *Biden* itself, the Court explicitly rejected the suggestion that some clearer statement of statutory authority was required to authorize the vaccine rule. *Compare* 142 S. Ct. at 653 ("[A] vaccination requirement under these circumstances is a straightforward and predictable example of the 'health and safety' regulations that Congress has authorized the Secretary to impose") *with id.* at 658 (Thomas, J., dissenting) ("If Congress had wanted to grant CMS authority to impose a nationwide vaccine mandate, and consequently alter the state-federal balance, it would have said so clearly.") *and id.* at 659 (Alito, J., dissenting) ("[W]e should demand stronger statutory proof than has been mustered to date."). Moreover, in responding to the government's application to the Supreme Court for a stay pending appeal in this case, Plaintiffs explicitly argued for affirmance of the Fifth Circuit's holding that the vaccine rule "implicates a major question of the sort that would require clear congressional authorization." *See* Resp. to Appl. for a Stay Pending Appeal, 2021 WL 8939385, at *11; *see also id.* at *22-23 (arguing that "[u]nder this Court's precedent, agencies must show clear statements of congressional authority before enacting regulations with particularly important or sensitive implications," and that the vaccine rule "triggers all three clear-statement requirements"). In that regard, even if the Supreme Court did not explicitly reject Plaintiffs' argument under the "major questions doctrine," it implicitly did so when it held that it "disagree[d] with respondents' remaining contentions in support of the injunctions entered below." *Biden*, 142 S. Ct. at 653. Thus, neither *West Virginia* nor the major questions doctrine overturns or undermines *Biden*.

For their final error, Plaintiffs wrongly argue that lower courts may ignore Supreme Court holdings whenever their "conclusion" is "call[ed] . . . into doubt." Pls.' Objs. at 5. In fact, as the Supreme Court has repeatedly cautioned, "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals

should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989); *see also Agostini v. Felton*, 521 U.S. 203, 237, 239 (1997) (same). Neither *Biden* nor its reasoning has been undermined, as explained above, but even if there were any doubt on that score, the result would be the same. Even where the "factual underpinning" or reasoning of certain precedent may be called into question, this Court remains obligated to follow binding opinions on point, and may not "disregard or overrule that precedent." *Nat'l Coal. for Men v. Selective Serv. Sys.*, 969 F.3d 546, 549–50 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1815 (2021).

Notably, the Supreme Court recently had the opportunity to revisit its ruling in *Biden*, through a petition for a writ of certiorari filed by plaintiffs in the parallel litigation. Plaintiffs there again argued that the vaccine rule purportedly "violates the Spending Clause" and "the Tenth Amendment." Petition for Writ of Certiorari, *Missouri v. Biden*, No. 21-1463, 2022 WL 1600961, at *30, 32-33 (U.S. May 12, 2022). But the Supreme Court denied the petition without noted dissent. *Missouri v. Biden*, ---S. Ct.---, 2022 WL 4651648 (U.S. Oct. 3, 2022). *Biden* thus remains binding Supreme Court precedent, and the law of this case, and Plaintiff States cannot show otherwise.

## CONCLUSION

For the reasons set forth above, this Court should accept the recommendations of the Magistrate Judge and dismiss the First Amended Complaint with prejudice.

Dated: December 1, 2022                     Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            MICHELLE R. BENNETT
                                            Assistant Branch Director
                                            Federal Programs Branch

                                            */s/ Julie Straus Harris*
                                            JULIE STRAUS HARRIS

Bar No. 1021298(DC)
Senior Trial Counsel

MICHAEL L. DREZNER
Bar No. 83836(VA)
Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 353-7633
Fax: (202) 616-8470
Email: Julie.StrausHarris@usdoj.gov

*Attorneys for Defendants*